**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**David RUIZ–JUAREZ, Defendant-
Appellant.**

**No. 71–2791.**

United States Court of Appeals,
Ninth Circuit.

March 17, 1972.

**1016**

Philip A. De Massa (argued), of Federal Defenders, Inc., San Diego, Cal., for defendant-appellant.

R. Michael Bruney, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Stephen G. Nelson, Asst. U. S. Atty. & Chief, Criminal Div., San Diego, Cal., for plaintiff-appellee.

Before ELY, HUFSTEDLER and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant was convicted of inducing the illegal entry of an alien [8 U.S.C. § 1324(a) (4)] and smuggling an alien [8 U.S.C. § 1324(a) (1)]. On appeal he raises these issues: (a) whether the evidence was sufficient to support the conviction and (b) whether there was error in denying appellant's motion to disclose the identity of an informant without an evidentiary hearing. We affirm.

Ruiz-Juarez entered the United States from Mexico in April 1971, arriving at the San Ysidro point of entry with his wife and children by automobile. An anonymous informant had six days earlier alerted the immigration inspectors that appellant was engaged in smuggling aliens across the border in a 1957 Chevrolet bearing California license plates, PMM 524.

Appellant was very nervous and had difficulty in producing his operator's permit. The inspectors noted that his car matched the informant's description, and referred it to a secondary inspection area. Upon further inspection, an officer found under the hood of the car a Mexican alien doubled up between the radiator and grille.

Appellant moved in the district court to require the government to reveal the identity of the informant, citing Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The United States Attorney submitted an affidavit that the informer had been, and still was, unknown. The tip had come in an anonymous telephone call.

■ Appellant's motion was based on speculation that the informant might have actively participated in hiding the alien under the hood; that he might have received remuneration or an entry permit for his information; or that a border agent might have recognized his voice over the telephone. There was no indication that the anonymous informant could or would have furnished evidence exculpating Ruiz-Juarez. The trial court properly denied the motion for an evidentiary hearing and for further proof that the informant was, indeed, anonymous. *See* United States v. Kelly, 449 F.2d 329 (9th Cir. 1971); United States v. Zito, 451 F.2d 361 (9th Cir. 1971).

■ The government's evidence also showed that, in September 1969, appellant had driven the same Chevrolet sedan, with the same license number, to the same point of entry, with another Mexican alien under the hood. Appellant argues, although without much vigor, that this evidence was improperly admitted. His point has been considered and found to be without merit.

"Proof of conduct similar to that charged, which is peculiar, unique, or bizarre, is admissible to tend to prove identity. Proof of other crimes has likewise been held admissible to show a common scheme, plan, design, system, course of conduct, or to establish motive or intent, or absence of mistake or accident. . . ." [citations omitted] Parker v. United States, 400 F.2d 248, 252 (9th Cir. 1968), cert. denied 393 U.S. 1097, 89 S.Ct. 892, 21 L.Ed.2d 789 (1969).

■ The evidence of guilt was clearly sufficient. In fact, it was ample. We affirm.