UNITED STATES

v.

**Staff Sergeant Charles M. BARUS, FR 266–33–0413 United States Air Force.**

**ACM 23837.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 21 Oct. 1982.

Decided 28 June 1983.

_____

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Conrad C. Baldwin, Jr.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Major George D. Cato and Major Victor A. Sulin, USAFR.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

Contrary to his pleas, the accused was convicted of wrongfully transferring cocaine and wrongfully possessing cocaine with intent to distribute in violation of Article 134, U.C.M.J., 10 U.S.C. § 934[1]. He was sentenced to a dishonorable discharge, confinement at hard labor for four years, forfeiture of all pay and allowances, and reduction to airman basic.

Appellate defense counsel have asserted nine assignments of error. Those which warrant comment are discussed below.

_____

1. He was acquitted of additional allegations of wrongfully transferring cocaine and wrongfully possessing cocaine with intent to distribute.

## I

The evidence established that Airman Dugan, who has a history of drug abuse, was an informant for the Office of Special Investigations (OSI). In the afternoon of 15 December 1981, he met the accused in the latter's apartment. There the accused had approximately eight grams of cocaine hidden in his bedroom in a jar containing rice. The cocaine was packaged in sealed plastic bags and Dugan bought a bag for $100.00. Dugan was allowed to reach into the jar and select the packet he wanted. After leaving the apartment Dugan gave the bag to the OSI. It was found to contain .8 grams of cocaine.

Dugan also related that the accused had sold him cocaine numerous times under almost identical circumstances prior to the offenses alleged. Additionally, there was testimony the accused had used cocaine and marijuana at least once during this period.

The accused admitted using and selling cocaine prior to 15 December 1981, but categorically denied any transfer of cocaine to Dugan on 15 December. He conceded that Dugan may have been in the apartment on that date, but stated no transfer took place.

## II

Initially, we are asked to decide if the military judge erred in allowing the Government to establish, on the merits, that the accused had sold cocaine and used cocaine and marijuana prior to the commission of the offenses of which he was charged. The Government urges that such evidence was admissible to establish *modus operandi*, i.e., where the cocaine was hidden, how it was packaged, and the method of selection under Mil.R.Evid. 404(b)[2]. To the contrary, appellate defense counsel argues, citing Mil.R.Evid. 403, that the testimony should have been excluded as its prejudicial effect clearly outweighed the probative value. Further, he contends that the only purpose for which the evidence was offered

was merely to show a propensity on the accused's part to commit drug offenses.

It is well established that evidence of other crimes is not admissible to indicate a disposition to commit crimes. *United States v. Krezdoen*, 639 F.2d 1327 (5th Cir. 1981); *United States v. Cox*, 536 F.2d 65 (5th Cir.1976). However, evidence of past crimes is competent and admissible to prove *modus operandi*, criminal plan or scheme when it corroborates the offense charged. *Atwell v. State of Arkansas*, 426 F.2d 912 (8th Cir.1970); *Rodriguez v. United States*, 284 F.2d 863 (5th Cir.1960); *cert. denied* 368 U.S. 1001, 82 S.Ct. 632, 7 L.Ed.2d 540. The probative value of the "similar act" evidence is dependent on the existence of a close parallel between the crime charged and the acts shown. *United States v. Chestnut*, 533 F.2d 40 (2d Cir.1976). Further, the probative value of the evidence must exceed the potential prejudicial effect of its admission. *United States v. Bettencourt*, 614 F.2d 214 (9th Cir.1980). This balancing test lies within the sound discretion of the trial judge. *United States v. Borland*, 12 M.J. 855 (A.F.C.M.R.1981).

In the facts before us the evidence involved offenses that were not only similar in kind, but virtually identical and close in time to offenses on trial. *United States v. McMillian*, 535 F.2d 1035 (8th Cir.1976); *cert. denied* 434 U.S. 1074, 98 S.Ct. 1262, 55 L.Ed.2d 779. In *United States v. Ruiz-Juarez*, 456 F.2d 1015 (9th Cir.1972), the accused was charged with smuggling an alien and inducing the illegal entry of an alien. The Court of Appeals held admissible evidence that the accused had previously driven the automobile, with the same license number, to the same point of entry, with another alien hidden in the same place. While factually different from the case at bar, the principle in *Ruiz-Juarez, supra*, is applicable here. Similar acts are admissible if relevant and if they tend to make the commission of the crime more probable

---

2. Mil.R.Evid. 404(b) was taken without substantial change from Fed.R.Evid. 404(b). The editorial comments of the Federal rules indicate that evidence of other crimes can be introduced

to show *modus operandi*. Saltzburg and Redden, *Federal Rules of Evidence Manual*, Rule 404, p. 130.

than it would be without such evidence. *United States v. Fairchild,* 526 F.2d 185 (7th Cir.1975). In *United States v. McCord,* 509 F.2d 891 (7th Cir.1975), evidence of other narcotic transfers which occurred close in time to those alleged in the indictment and which bore a remarkably strong resemblance to the accused's pattern of conduct was admissible to show *modus operandi.*

■ In the case *sub judice* the accused also suggests the evidence tending to establish his prior drug involvement was inadmissible because it occurred during a prior enlistment and thus was not triable by court-martial. *United States v. Clardy,* 13 M.J. 308 (C.M.A.1982). We disagree. If the evidence is relevant and the probative value outweighs the prejudicial effect, it is admissible notwithstanding that a bar to trial exists. For example, under some circumstances acts that resulted in an acquittal are admissible with proper limiting instructions. *See United States v. Burkhart,* 458 F.2d 201 (10th Cir.1972); *Hernandez v. United States,* 370 F.2d 171 (9th Cir.1966).

For the reasons stated above, we hold that the trial judge did not abuse his discretion in admitting evidence of the accused's prior drug involvement. In our view he properly balanced the need to use the evidence against the risk of undue harm to the accused. Additionally, he restricted the evidence to its proper scope and so instructed the members. *United States v. Teeter,* 12 M.J. 716 (A.C.M.R.1981); *United States v. Borland, supra; United States v. Harrison,* 679 F.2d 942 (D.C.Cir.1972); *United States v. Brugman,* 655 F.2d 540 (4th Cir.1981).

### IV

Citing *United States v. Grady,* 15 M.J. 275 (C.M.A.1983), the accused contends the trial counsel's argument on sentencing was improper and the military judge erred by not *sua sponte* instructing the members to disregard it.[3] The argument, to which there was no objection, referred to the drug

problem in the Air Force and, in part, stated:

> You know we've got a big problem in the Air Force today. It's a problem we've spent millions and millions of dollars on drug awareness programs, we try to let everybody know what our policy is in the Air Force. Stay away from it, it's not good for you. It interferes with our mission.

Appellate counsel maintains that the above argument improperly invaded the province of the court by referring to command policies on drug abuse. *See United States v. Myers,* 14 M.J. 527 (A.F.C.M.R.1982).

■ There is nothing improper with arguing general policies which do not suggest a particular sentence. *United States v. Littice,* 3 U.S.C.M.A. 487, 13 C.M.R. 3 (1953). In *United States v. Grady, supra,* the Court of Military Appeals found that a policy reference, i.e., "SAC Drug Rehab Program" was made in such a manner that the effect was to bring the commander into the deliberation room. That is not the situation in the case under review. The tenor of trial counsel's argument here is that drugs are "bad," they interfere with the mission, and should be avoided; further, the accused knew the Air Force's position in this regard. There was no suggestion that a certain punishment was required. The argument was proper. We find the court's deliberations on sentencing were free from external influences.

### V

The remaining assigned errors have been examined and are resolved adversely to the accused. *United States v. Trottier,* 9 M.J. 337 (C.M.A.1980); *United States v. Wessels,* 8 M.J. 747 (A.F.C.M.R.1980); *United States v. Parmar,* 12 M.J. 976 (A.F.C.M.R.1982).

### VI

■ Finally, the accused urges that the approved sentence is inappropriate as "this is his first and only offense," and his record

---

**3.** The defense MOTION FOR LEAVE TO FILE SUPPLEMENTAL ASSIGNMENT OF ERROR is GRANTED.

to this point is indicative of loyal and creditable service. We conclude otherwise as the record of trial portrays the accused to be an established drug trafficker. The sentence is appropriate.

For the reasons stated the findings of guilty and the sentence are

AFFIRMED.

HEMINGWAY, Senior Judge, and MILLER, Judge, concur.