**UNITED STATES**

v.

**Airman Jackie D. LOGAN, FR 513–66–2670, United States Air Force.**

**ACM 24198.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 21 Sept. 1983.

Decided 30 May 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major Conrad C. Baldwin, Jr.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Kevin L. Daugherty.

Before HODGSON, FORAY and O'HAIR, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The accused and Sergeant Palmer were friends, and on 1 June 1983, the accused called Palmer seeking help, stating he had been robbed while on leave. Palmer, a good samaritan, brought the accused to Patrick Air Force Base, Florida, and allowed him to stay in his quarters while he, Palmer, was TDY.

On 30 June 1983, the accused was arrested by the North Myrtle Beach, South Carolina, police department while driving Palmer's 1979 Pontiac Grand Prix. At first the accused gave the arresting officer a fictitious name and social security number, but later admitted he was in the Air Force and absent without leave.

Subsequently, the accused and the automobile he was driving were released to military authorities at Myrtle Beach Air Force Base, South Carolina. An inventory of the car's contents disclosed a wide variety of military equipment, i.e., sleeping bags, blankets, boots, mess gear, clothing, etc., together with other items having no direct military connection, i.e., a Sears inductive timing light, jumper cables, lounge chair, swimming mask, motorcycle helmet, etc. The inventory also brought to light the following items belonging to the Palmers: a 12-inch portable television set, a fishing rod, automobile hand tools, electric disc sander, a lady's gold Timex watch, a silver Seiko watch and a jade necklace.

A subsequent investigation resulted in the accused's conviction, pursuant to mixed pleas, of desertion, larceny, uttering worthless checks with the intent to defraud, and various drug offenses, in violation of Articles 85, 121, 123a, 134 and 92, U.C.M.J., 10 U.S.C. §§ 885, 921, 923a, 934, 892. He was sentenced to a dishonorable discharge, confinement at hard labor for eight years, total forfeitures, and reduction to airman basic.

I

The larceny allegation is worded:

SPECIFICATION: In that AIRMAN JACKIE D. LOGAN, United States Air Force . . . , did, at Patrick Air Force Base, Florida, between on or about 14 June 1983 and on or about 1 July 1983, steal one 1979 Grand Prix Pontiac automobile, one Yamaha 450 motorcycle, one portable Portland 12-inch television set, one fishing rod, various automobile handtools, one electric disc sander, one lady's gold Timex watch, one silver Seiko watch, one Sharp microwave oven, one jade necklace, one Akai stereo system consisting of Akai receiver, Akai turntable and two speakers, of a total combined value in excess of $7,000.00, the property of Sergeant Dwight Palmer and Mrs. Holly Palmer.

By exceptions the accused pled guilty to stealing the motorcycle, the microwave oven and the Akai stereo system having a total value exceeding $1,700.00; however, he was found guilty as charged.

Over defense objection the military judge permitted the introduction of certain items discovered during the inventory of Palmer's car which the accused was driving when he was arrested, and testimony by a pawnbroker that the accused had pledged personal property belonging to Palmer. Although none of the items nor the testi-

mony related to the larceny allegation set out above, the trial judge admitted the items and the testimony based on his conclusion that the proffered evidence was relevant under Mil.R.Evid. 404(b)[1] as it tended to prove the accused's plan, scheme or intent as to either the contested larceny allegation or the desertion charge. The trial counsel successfully argued to the trial judge that the members were entitled to infer that if the accused stole items not charged, it could be inferred that if the accused stole items not charged, it could be inferred that he had the requisite intent with regard to the items charged. He was also successful in his position urging that the pawning of items not alleged to be stolen permitted an inference that the accused intended to permanently deprive the Palmers of the property described in the specification. Ultimately, the judge informed the members of the limited purpose for which this evidence was admitted.[2]

 Mil.R.Evid. 404(b) does not exist in a vacuum, but must be considered in relationship with Mil.R.Evid. 403 which permits excluding evidence where its probative value is far outweighed by the danger of unfair prejudice to the accused. *United States v. Borland*, 12 M.J. 855 (A.F.C.M.R. 1981). This decision lies within the sound discretion of the trial judge. It appears to us, and is supported to some degree by trial counsel's argument to the military judge, that the Government's position was that the accused is a "bad man" who has the disposition to commit crimes. This, of course, is not a valid basis to admit evidence of other crimes. *United States v. Barus*, 16 M.J. 624 (A.F.C.M.R.1983). For a trial counsel to merely allege that evidence of other crimes is being offered to show a plan or scheme is not enough; he must *establish* how the uncharged misconduct exhibited a *modus operandi* or plan. We are aware that some prior acts or crimes become inextricably intertwined with the offenses charged and become thus admissible, *United States v. Thomas*, 11 M.J. 388 (C.M.A.1981); *United States v. Males*, 715 F.2d 568 (11th Cir.1983), but that is not the situation at bar. Under the facts of this case we hold that the trial judge erred in admitting the proffered evidence. *United States v. Barus, supra; accord United States v. Amerine*, 17 M.J. 947 (A.F.C.M.R.1984).

 While we hold that the admission of such evidence was error, we also hold that its introduction was harmless beyond a reasonable doubt. *United States v. Albuquerque*, 538 F.2d 277 (9th Cir.1976). We find the evidence of guilt overwhelming as to those items to which the accused pled not guilty. The accused also argues that the record does not establish that he stole Palmer's car. We conclude otherwise. The accused was arrested while in possession of Palmer's car some 500 miles from its usual location. Palmer denied giving the accused permission to take the car. An intent to permanently deprive can be inferred from these facts. We are convinced beyond a reasonable doubt as to the ac-

---

1. The pertinent provision states:

 Rule 404. Character Evidence Not Admissible to Prove Conduct; Exceptions; Other Crimes

 \* \* \* \* \* \*

 (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

2. While concluding the uncharged misconduct was admissible to show a *plan, scheme* or *intent,* the military judge instructed the members in the following fashion:

 There may have been some evidence in this case of misconduct with which the accused was not charged. You are advised that this evidence of uncharged misconduct, if any, was brought to you, solely, so that you could better understand the facts and circumstances surrounding the offenses with which the accused is charged. You may not consider from this evidence of uncharged misconduct that the accused has an evil disposition or criminal propensity, and that he, therefore, committed the offenses with which he is charged and has pled not guilty to.

 Regrettably, we find this instruction more apt to confuse than to enlighten.

cused's guilt. Article 66(c), U.C.M.J., 10 U.S.C. § 866(c).

Any prejudice that might have befallen the accused as to punishment can be purged by reassessment of the sentence.

## II

 The accused was convicted of desertion that began on 1 June 1983, and terminated on 1 July 1983 when he revealed his military status to civilian authorities after being arrested on a public intoxication charge. (Specification of Charge I). At trial he entered a guilty plea to the lesser included offense of absence without leave for the alleged period, and on appeal asserts that the evidence of record fails to establish that he intended to remain away permanently.

In our opinion the totality of the circumstances surrounding the accused's absence negates the element of intending to absent himself permanently. When apprehended he admitted his military status and disclosed his unauthorized absence from his unit. Further, he had in his possession various documents showing his true name and identity. All in all, we simply are not convinced beyond a reasonable doubt that the accused is guilty of desertion. Article 66(c), U.C.M.J.; *see generally United States v. Morris*, 20 C.M.R. 412 (A.C.M.R. 1955). Therefore, we affirm, in accordance with the accused's guilty plea, the lesser included offense of absence without leave, a violation of Article 86 of the Code.

## III

Pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A.1984), an administrative credit for pretrial confinement is ordered. For the reasons stated, only so much of the findings of guilty of the Specification of Charge I as finds the accused guilty of absent without leave in violation of Article 86, U.C.M.J., 10 U.S.C. § 886 is affirmed. The remaining findings of guilty are affirmed. Reassessing the sentence in light of the errors discussed and findings affirmed, we find appropriate only so much of the sentence as provides for a dishonora-ble discharge, confinement at hard labor for five years, total forfeitures, and reduction to airman basic. The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

FORAY, Senior Judge, and O'HAIR, Judge, concur.