UNITED STATES

v.

Sergeant Thomas W. JONES, FR 571–08–0763, United States Air Force.

ACM 25547.

U.S. Air Force Court of Military Review.

Sentence Adjudged 4 June 1986.

Decided 23 Oct. 1987.

Appellant Counsel for the Appellant: Colonel Leo L. Sergi and Captain Henry J. Schweiter.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Captain Jeffrey H. Curtis and Captain Marc Van Nuys.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The appellant was convicted of the unpremeditated murder of his nine month old infant son by shaking him to death. He was sentenced to a dishonorable discharge, total forfeitures of all pay and allowances, 20 years confinement and reduction to airman basic.

Appellate defense counsel have assigned six errors for consideration. For reasons that will become apparent later in this opinion we shall only address the claim that the trial judge erred in admitting, over defense objection, evidence of "prior bad acts" by the appellant.

It is a well established principle of the military justice system that an accused may be tried only for the offense charged and not for being a bad person generally. *United States v. Ismail,* 756 F.2d 1253 (6th Cir.1985); *United States v. Logan,* 18 M.J. 606 (A.F.C.M.R.1984). For this reason Mil.

R.Evid. 404(b) limits the admissibility of evidence of "other crimes, wrongs or acts" to that which tends to establish "... proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake of fact." Such evidence carries with it the danger that an accused may be convicted of an implied charge of having the propensity to commit crimes generally rather than for the specific offense for which he is on trial. It is because of this danger that extrinsic offense evidence, to be admissible, must be connected in time, place and circumstance with the charged offense and have a clear probative value that is not substantially outweighed by the prejudicial impact of the evidence. *See United States v. Janis,* 1 M.J. 395 (C.M.A. 1976).

The prior "bad acts" which the trial judge admitted "... for the limited purpose of its tendency ... to prove that the accused intended to hurt the [victim and] to prove that the accused ... did it with the intent to either kill or inflict great bodily harm and to rebut a claim of mistake or innocent intent" established:

A) That in the fall of 1979, the appellant was experiencing marital difficulties with his first wife and had attempted suicide.

B) In April 1980, the appellant threatened a friend and the latter's mother with an attack dog and used "abusive and obscene language" towards them. This witness also testified that the appellant abused his dog, a Doberman Pinscher puppy, by "kicking it across the room" and hitting it with his fist. He stated the "dog was scared to death of [the appellant and would] cringe anytime near him."

C) Sometime in 1980–81, the appellant, on two occasions, hit office machinery with his fists while frustrated.

D) He was "abusive" to his first wife's mother, called her "dirty names" and threatened to kill her. These incidents took place in 1979.

E) While engaging in "horseplay" he slapped his first wife in the face hard enough to leave marks for several hours; he disposed of Christmas presents she had received from her family because "he didn't want anything that reminded him of [her] family;" he threatened to kill her brother; he hit her with his fist and threw a knife at her; he tried to run the car she and her mother were driving off the road; he later pointed a gun at them; he tried to push her out of their car while it was travelling 65 MPH; he abused their Doberman Pinscher puppy by hitting it with his fist, swinging it around the room by its choke chain, twice pouring boiling water on the animal and hitting it with a stick on the head and paws as it attempted to jump out of the bath tub. When his wife tried to stop him, he threatened to do the same to her if she did not "shut up." Earlier, he had dragged the puppy on rough pavement until the pads on its feet were "ripped off" and bloody. These acts all occurred prior to their divorce in 1980.

F) In January 1985, the appellant tried to destroy the victim's belongings because, according to his wife, he was "jealous" of the baby.[1]

To be admissible on such an issue as intent, "other crimes" evidence must relate to wrongdoing similar in kind and reasonably close in time to the charge at trial. *United States v. Gustafson,* 728 F.2d 1078 (8th Cir.1984); *see generally United States v. Janis, supra.* If the intent in the prior act is not similar to the intent of the offense charged, then there is no valid reason for the admission of prior act evidence to prove intent. *People v. Hansen,* 708 P.2d 468 (Colo.App.1985).

The admissibility of evidence of other crimes, wrongs, or acts to establish intent and an absence of mistake or accident is well established, particularly in child abuse cases. The key, of course, is the relevancy of the evidence and whether its probative value is outweighed by a substantial danger of undue prejudice to the accused. *United States v. White,* 23 M.J. 84 (C.M.A. 1986); Mil.R.Evid. 403. Remoteness of time is a factor in determining the relevancy of prior misconduct evidence. *State v.*

---

**1.** This evidence appears to be clearly admissible as it tends to establish a motive for the appellant's behavior toward his son. See Mil.R.Evid. 404(b).

*Howard,* 187 Conn. 681, 447 A.2d 1167 (1982).

A substantial portion of the Government's case against the appellant is undisputed. The infant's death was the result of a trauma to the head caused by a violent shaking of the child. In his pretrial statements the appellant admitted shaking his son, but maintained it was done as an attempt to arouse him. The defense contended that the child's death was an unfortunate occurrence and the appellant had no intention of doing any harm. The question of intent, therefore, was a crucial factor in the trial below.

■ Circumstantial evidence usually plays a strong part in determining intent in a murder trial. In deciding whether to admit evidence of prior bad acts, the trial judge is given broad discretion and will be reversed only when the evidence admitted clearly has no bearing on any issue involved. *United States v. Simon,* 767 F.2d 524 (8th Cir.1985).

■ *United States v. White, supra,* requires the trial judge to perform a three step analysis prior to admitting evidence of other wrongs, crimes or acts. First, does the evidence tend to prove the accused committed the prior crimes, wrongs or acts? Second, for what purpose is the evidence offered? Third, and just as important, is the probative value of the evidence substantially outweighed by the danger of unfair prejudice? As to the initial step there is no question that the evidence at trial tended to prove that the prior acts took place. The events were based on eyewitness accounts which the defense conceded took place. However, our review of the remaining steps leads us to the conclusion that the appellant is entitled to a new trial on the merits.

For example, does the fact the appellant was having marital problems with his first wife and attempted suicide in 1979 show an intent to murder his son in 1985? Does hitting office equipment in a moment of frustration some five years before the offense charged help to establish an element of murder? We do not believe that it does. Further, evidence of six year old multiple assaults on his first wife and her mother is not relevant to show he had the intent to kill or inflict grievous bodily harm on his son. *See State v. Abercrombie,* 375 So.2d 1170 (La.1979). Additionally, there is substantial authority holding that evidence of assaults on *third parties* are relevant in homicide trials only when they are so close in time to the offense charged as to show a plan or design. *See United States v. Vintress,* 17 U.S.C.M.A. 258, 38 C.M.R. 56 (1967); *see also Maiden v. State,* 477 N.E.2d 275 (Ind.1985) (Evidence that the accused tried to choke a former girl friend irrelevant in a trial for voluntary manslaughter of his four year old son); *Myers v. State,* 58 Md.App. 211, 472 A.2d 1027 (1984) (Minor assault by accused on stepdaughter 18 months before not admissible in trial for murdering wife); *State v. Johns,* 76 Or.App. 448, 709 P.2d 1121 (1985) (Putting a loaded gun to a neighbor's head inadmissible in murder trial for killing wife); *State v. Dokken,* 385 N.W.2d 493 (S.D.1986) (Error to admit evidence that the appellant attempted to "run-over" victim's girl friend two nights before the killing). We discern no relationship between proof of the appellant's intent on the day of his son's death and various assaults, threats and incidents of abusive language occurring four to six years earlier. The trial judge erred in admitting evidence of these events.

We now turn to evidence admitted at trial that the appellant brutally mistreated a helpless animal by kicking it across the room, hitting it with his fist, swinging it about the room by a choke chain, dragging it over a pavement until its paws were bloody, twice pouring scalding water on it, and hitting it with a stick when the poor abused creature attempted to run away from the pain. As with the earlier prior acts, that the appellant did them is not disputed.

Again we must determine how these acts which occurred over five years before the offense at trial were relevant to the issue of intent or mistake. Of course, what immediately comes to mind is that a person who would abuse a helpless animal would do the same to an infant. But as stated earlier evidence of prior bad acts may not be used to prove that the accused was

**570**

likely, as a matter of disposition, to have committed the offense for which he was being tried. *United States v. Daniels,* 770 F.2d 1111 (C.A.D.C.1985). Evidence of this type did no more than establish that the appellant was a "bad person" who richly deserved to be punished. *United States v. Logan, supra; Hagy v. Commonwealth,* 222 Va. 599, 283 S.E.2d 187 (1981) (Error to admit in a trial for murdering a 22 month old child, evidence that the accused had "twisted the arms and feet" of another child). This evidence was not relevant to any issue before the court. *Cf. Templin v. State,* 711 S.W.2d 30 (Tex.Cr.App.1986) (Evidence that accused had intentionally and knowingly caused the death of animals by electrocution 15 years before was relevant to material issues in a trial for murdering his wife by electrocution. However, the probative value of the evidence was outweighed by its prejudicial and inflammatory nature).

Appellate government counsel argue that even if the "prior bad acts" evidence was improperly admitted by the trial judge, it amounted to harmless error because proof of guilt was overwhelming. To affirm a conviction where there has been an erroneous admission of evidence of "other crimes" we must conclude that such admission was harmless beyond a reasonable doubt. *United States v. Whaley,* 781 F.2d 417 (5th Cir.1986). We are unable to do so in this case. The evidence of the appellant's intent was almost totally circumstantial based on medical testimony as to the cause of death. The appellant denied intentionally killing his son. With the evidence in this balance the members were informed of the appellant's "prior bad acts". This information must have weighed heavily against him.

For the reasons stated the findings of guilty and the sentence are set aside. A rehearing may be ordered.

Senior Judge FORAY and Judge HOLTE concur.