**Roger J. LUNDY, Petitioner–Appellant,**

v.

**Gordon N. ZELEZ, Commandant, U.S.D.B., Respondent–Appellee.**

No. 89–3129.

United States Court of Appeals, Tenth Circuit.

July 11, 1990.

Rehearing En Banc Denied Sept. 12, 1990.

Roger J. Lundy, pro se.

Benjamin L. Burgess, Jr., U.S. Atty., and David M. Cooper, Asst. U.S. Atty., Topeka, Kan., for respondent-appellee.

Before ANDERSON, BARRETT and BALDOCK, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner is granted leave to proceed on appeal without prepayment of costs or fees. Both sides have fully briefed the issues. Therefore, we may decide this case on the merits.

In 1985, petitioner was convicted of intent to commit rape by a general court martial.[1] He was sentenced to nine years imprisonment, forfeiture of all pay and allowances, reduction in grade to the lowest enlisted rank, and a dishonorable discharge.

Petitioner appealed to the United States Army Court of Military Review (ACMR) raising the issues of ineffective assistance of counsel and insufficient evidence. The court affirmed. Petitioner then appealed to the United States Court of Military Appeals (CMA) on the ground that his conviction was constitutionally defective because there was insufficient evidence regarding his intent to commit rape. The court denied review. Petitioner filed a motion for a new trial with the Judge Advocate General on the ground that he was denied due process and a fraud was committed on the court due to the fact that the complaining witness and her interpreter, both German nationals, were not subject to the law of perjury when testifying under oath. The Judge Advocate General denied the petition.

Petitioner then commenced this habeas corpus action in federal district court in which he alleged he had been denied due process because the penalty of perjury did not attach to the complaining witness' testimony. Respondent filed a motion to dis-

miss. The district court dismissed the case on the grounds that petitioner's claim had been given full and fair consideration by the military courts, the claim was not substantially free of factual questions, and there was no showing the military courts failed to apply proper legal standards. The court denied petitioner leave to proceed in forma pauperis on appeal.

■ Initially, we must determine whether we have jurisdiction to hear this appeal.[2] Petitioner must exhaust his military remedies before filing a civil habeas petition. *Gusik v. Schilder*, 340 U.S. 128, 131–32, 71 S.Ct. 149, 151–52, 95 L.Ed. 146 (1950); *Noyd v. Bond*, 395 U.S. 683, 693, 89 S.Ct. 1876, 1882, 23 L.Ed.2d 631 (1969). Respondent argues that petitioner waived review because he did not raise this issue to either the ACMR or the CMA. However, he did raise it in his petition for a new trial. *See* 10 U.S.C. § 873. An issue alleged to be either newly discovered evidence or a fraud on the court and not otherwise raised must be presented to the Judge Advocate General in a petition for a new trial in order to exhaust. *See Gusik*, 340 U.S. at 131–33, 71 S.Ct. at 151–53.

■ Even though petitioner has exhausted his military remedies, the scope of matters available for review in military habeas corpus petitions is more limited than in civil cases. *Burns v. Wilson*, 346 U.S. 137, 139, 73 S.Ct. 1045, 1047, 97 L.Ed. 1508 (1953). Federal civil courts have jurisdiction only over military habeas petitions which allege that petitioners have been imprisoned "as a result of proceedings which denied them basic rights guaranteed by the Constitution." *Id.* We then review this issue only to determine "whether the military have given fair consideration" to petitioner's claim. *Id.* at 144, 73 S.Ct. at 1050. If such consideration has been given, we may only review the issue if it is both "'substantial and largely free of factual

---

1. Petitioner pled guilty to charges of operating a motor vehicle without a license, leaving the scene of an accident, wrongful use of marijuana, false swearing, and breaking restriction. He has not appealed any issues concerning this plea.

2. On appeal, petitioner raises for the first time the fact that the ACMR opinion was issued by only two judges, not three as required by statute. *See* 10 U.S.C. § 866(a). We do not address this issue. *See* discussion *infra*.

questions.'" *Monk v. Zelez*, 901 F.2d 885, 888 (10th Cir.1990) (quoting *Mendrano v. Smith*, 797 F.2d 1538, 1542 n. 6 (10th Cir. 1986)).

Petitioner does not meet this standard. He argues only that this standard of review is "incorrect." He does not allege that the Judge Advocate General failed to give fair consideration to his issue. Further, even if the complaining witness and her interpreter were not subject to the law of perjury, petitioner has not alleged that they committed perjury or that he was, therefore, prejudiced in any way.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.