937 F.2d 616
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Michael David LOAN, Plaintiff-Appellant,
v.
Col. Larry B. BERRONG, Defendant-Appellee.
 No. 91-3078.
 United States Court of Appeals, Tenth Circuit.
 July 2, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Loan is a federal prisoner incarcerated in Fort Leavenworth, Kansas. Mr. Loan was a lance corporal in the United States Marine Corps and was convicted in 1982 by a General Court-Martial of desertion, wilful disobedience of a lawful order, communication of a threat and various drug offenses. He was sentenced to a dishonorable discharge and confinement at hard labor for fifteen years. Mr. Loan's convictions were upheld by the United States Navy-Marine Corps Court of Military Review and the United States Court of Military Appeals. The Navy Clemency and Parole Board denied Mr. Loan's requests for clemency on three separate occasions.
 
 
 3
 Mr. Loan filed his pro se petition for habeas relief in the United States District Court for the District of Kansas under 28 U.S.C. Sec. 2241. He asserted the following: (1) "The military judge erred to the substantial prejudice of petitioner by failing, sua sponte, to instruct the court-members regarding accomplice testimony"; (2) "the military judge erred to the substantial prejudice of the petitioner by denying the defense motion of discovery and production of exculpatory evidence held by government authorities"; (3) "the military judge erred ... by allowing, over defense objection, evidence to be presented"; and (4) "prejudicial error occurred when numerous instances of uncharged misconduct were placed before the court members."
 
 
 4
 The district court issued its Order to Show Cause to Respondent who filed a detailed response. Mr. Loan then apparently retained counsel who filed an additional ground for relief alleging that Mr. Loan was denied a fair trial by the inappropriate selection method and the demonstrated partiality of the court members and filed a reply to the government's response.
 
 
 5
 The district court, in a six-page order, addressed each of Mr. Loan's claims, found the allegations "not entitled to federal judicial review on the merits," unsupported, and unpersuasive. The court therefore denied relief.
 
 
 6
 Mr. Loan, now acting pro se, appeals this order and requests permission to proceed in forma pauperis. Mr. Loan raises essentially the same arguments as before the district court. We grant Mr. Loan permission to proceed in forma pauperis.
 
 
 7
 We have reviewed Mr. Loan's brief and the order of the district court filed January 31, 1991. We have not been persuaded by Mr. Loan's arguments and we AFFIRM the judgment of the district court for substantially the same reasons set forth by the district court in its order of January 31, 1991, a copy of which is attached hereto. The mandate shall issue forthwith.
 
 ATTACHMENT
 
 8
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
 
 
 9
 MICHAEL DAVID LOAN, Petitioner,
 
 
 10
 v.
 
 
 11
 COL. LARRY B. BERRONG, Respondent.
 
 Case No. 89-3427-R
 
 12
 Jan. 31, 1991.
 
 ORDER
 
 13
 This matter is before the court on a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. Sec. 2241. Petitioner, an inmate at the United States Disciplinary Barracks, Fort Leavenworth, Kansas, alleges constitutional error in his conviction for desertion, wilful disobedience of lawful order, various drug offenses, and communication of a threat. Articles 85, 91, 92 and 134 of Uniform Code of Military Justice. Specifically, petitioner alleges his constitutional right of due process was violated when the trial court (1) gave no cautionary jury instruction regarding accomplice testimony, (2) denied petitioner exculpatory evidence, (3) admitted evidence of petitioner's rifle, and (4) admitted evidence of petitioner's uncharged misconduct. Petitioner has also requested permission to file an additional ground for relief in which he alleges the court-martial members were prejudiced and inappropriately selected. Respondents oppose the addition of this new allegation. Petitioner's conviction was affirmed by the Navy-Marine Court of Military Review (NMCMR), and affirmed with sentence modification by the Court of Military Appeals (CMA).
 
 
 14
 Petitioner first alleges this court has jurisdictional authority to review his military conviction for constitutional error. This is correct. Petitioner's argument, however, is directed at whether this court should review the merit of petitioner's allegations. This consideration involves the scope of review used by federal courts in reviewing a conviction from a military court.
 
 
 15
 This court's review of a military conviction is limited to claims of jurisdictional defect or denial of constitutional rights. United States v. Augenblick, 393 U.S. 348, 353, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969); Hatheway v. Secretary of the Army, 641 F.2d 1376, 1380-81 (9th Cir.), cert. denied, 454 U.S. 864 (1981). Review of jurisdictional and constitutional claims is further limited by Article 76, U.C.M.J., 10 U.S.C. Sec. 876 to only those issues not fully and fairly considered by the military courts. See Burns v. Wilson, 346 U.S. 137, 142, 73 S.Ct. 1045, 97 L.Ed.2d 1508 (1953). "If such consideration has been given, we may only review the issue if it is both 'substantial and largely free of factual questions.' " Lundy v. Zelez, 908 F.2d 593, 594 (10th Cir.1990) (quoting Burns, 349 U.S. at 139). See also, Dodson v. Zelez, 917 F.2d 1250 (10th Cir.1990) (scope of review and factors in deciding "full and fair consideration" set forth). Additionally, exhaustion of military court remedies is a prerequisite to federal judicial review. See Schelsinger v. Councilman, 420 U.S. 738, 758, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). Military prisoners' claims will be entertained if they were raised in the military courts and those courts refused to consider them; such claims will not be reviewed on the merits if they were not raised at all in the military courts. Watson v. McCotter, 782 F.2d 143, 145 (10th Cir.), cert. denied, 476 U.S. 1184 (1986).
 
 
 16
 Having reviewed the record and attachments filed in this case, the court finds petitioner's allegations are not entitled to federal judicial review on the merits.
 
 Exhaustion of military remedies
 
 17
 Petitioner acknowledges he failed to present to any military court the issue of the selection and impartiality of the court members. Petitioner, however, claims the issue was not waived because the issue presents a substantial constitutional question and is largely free of factual questions. This is not accurate. Petitioner confuses examination of whether there has been exhaustion of military remedies with examination of whether an issue presented to the military courts was fully and fairly considered. It is fundamental that military courts must first be given the opportunity to examine the alleged error. See, e.g. Williams v. Secretary of Navy, 787 F.2d 552 (Fed.Cir.1986). This court will not review an issue of military court error that is raised for the first time in a federal habeas action. See Watson v. McCotter, 782 F.2d at 145. As petitioner failed to raise the issue of the selection of the court-martial members to any military court, the court will not consider this issue in this habeas action. The court dismisses this issue with prejudice and denies petitioner's motion to amend his petition.
 
 
 18
 Petitioner also raises, for the first time, his complaint that he was denied exculpatory evidence. This complaint involves evidence of petitioner's military identification card which petitioner now asserts was later discovered to be in his checkbook which was seized in his arrest in New York. During petitioner's court-martial, the New York officer brought the papers seized during petitioner's arrest but did not bring other physical evidence. The trial court denied petitioner's request to have the government produce the seized checkbook. The trial court's refusal to order production of the checkbook was not raised in petitioner's brief to NMCMR or CMA and the court dismisses the issue with prejudice.
 
 
 19
 Even if the merits of this complaint were considered, the record does not support petitioner's claim for several reasons. First, the discovery response by the government provided petitioner sufficient information to locate and acquire the checkbook prior to court-martial. Second, given the multitude of false identifications carried by petitioner, and petitioner's failure to voluntarily identify himself when arrested, his case is easily distinguishable from United States v. Logan, 18 M.J. 606 (AFCMR 1984), in which a serviceman's conviction for desertion was reversed, in part, by evidence the serviceman carried his military identification. Third, petitioner's claim of prejudicial error is based on his post-court-martial discovery of his military identification card in the checkbook, rather than on his broader argument to the trial court that the checkbook should be examined to see if there was any exculpatory evidence.
 
 Full and fair consideration
 
 20
 Petitioner contends this court can review the merit of the remaining issues because the military courts refused to consider these issues. This is not accurate. The record discloses that in his appeal to the NMCMR, petitioner presented his allegations of error regarding the accomplice instruction and evidence of his rifle and uncharged misconduct. Petitioner does not maintain that NMCMR did not give full and fair consideration to these issues. Instead, petitioner points to CMA's refusal to review. It is clear that denial of a petition by CMA constitutes "full and fair" consideration of the issues presented, and the denial serves sub silentio as affirmation of the lower courts' decisions. See, e.g. Watson v. McCotter, 782 F.2d at 145.
 
 
 21
 Although further consideration of non-jurisdictional claims is not appropriate, Mendrano v. Smith, 797 F.2d 1538, 1542 n. 6 (10th Cir.1986), the court finds petitioner would not prevail is his issues were addressed. Petitioner contends the trial court had a duty to instruct the jury sua sponte regarding the reliability of accomplice testimony because there was no corroborating evidence to support the testimony. The issue of whether a guilty verdict can rest on uncorroborated accomplice testimony is still open in military courts, United States v. Boswell, 30 M.J. 731, 732-33 (AFCMR 1990), but the court notes that in civilian courts, the federal rule for weighing accomplice testimony does not impose such a duty on the trial court, United States v. Gere, 662 F.2d 1291, 1295 (9th Cir.1981). See United States v. Rehberg, 15 M.J. 691 (AFCMR 1983) (history of jury instruction for accomplice testimony in military and Federal courts). No constitutional error, therefore, resulted when the cautionary jury instruction was not given.
 
 
 22
 Finally, petitioner's claims of prejudicial error in admitting evidence are not persuasive. NMCMR agreed with petitioner's reading of United States v. Marino, 658 F.2d 1120 (6th Cir.1981), and found that evidence of petitioner's rifle should not have been admitted, but that the error was harmless. In claiming prejudice, petitioner assumes he prevailed in disqualifying the accomplice testimony for lack of a cautionary instruction. As there was no error in failing to give the cautionary instruction, petitioner does not show prejudicial error. As to petitioner's claim of prejudicial error in admitting evidence of uncharged conduct, the record does not support a finding of clear error by the trial court.
 
 
 23
 IT IS THEREFORE ORDERED that the petition be dismissed and all relief denied. The clerk of the court is directed to transmit copies of this Order to petitioner and his attorney, and to the Office of the United States Attorney.
 
 
 24
 /s/ RICHARD D. ROGERS
 
 United States District Judge
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3