NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 20 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50070 |
| Plaintiff-Appellee, | D.C. No. 8:15-cr-00019-DOC-1 |
| v. | |
| JAMES WILLIAM THURMAN TANNER, AKA jwatt90210@live.com, AKA jwatt92801@gmail.com, AKA savanahshusband AKA James Tanner, AKA James William Thurman, AKA James William Thurman-Tanner, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted October 6, 2020
Pasadena, California

Before: M. SMITH and LEE, Circuit Judges, and CARDONE,** District Judge.

James Thurman Tanner appeals his convictions following a bench trial for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

distribution and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and attempted solicitation of a minor, in violation of 18 U.S.C. § 2422(b). He claims his distribution and receipt convictions were based in part on an improper propensity inference, and that the evidence was insufficient on all counts. We have jurisdiction under 28 U.S.C. § 1291.

"Following a bench trial, a district court's conclusions of law are reviewed de novo . . . ." *United States v. Temkin*, 797 F.3d 682, 688 (9th Cir. 2015) (citing *OneBeacon Ins. Co. v. Haas Indus., Inc.*, 634 F.3d 1092, 1096 (9th Cir. 2011)).[1] Evidence is sufficient if, when viewed "in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Laney*, 881 F.3d 1100, 1106 (9th Cir. 2018) (citing *United States v. Atkinson*, 990 F.2d 501, 502–03 (9th Cir. 1993)). As the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We affirm.

The district court did not erroneously infer propensity by relying on Appellant's admissions to receiving and distributing child pornography on other occasions. While other acts evidence may not be used to prove propensity, it may be used for "nonpropensity purposes," including to prove "knowledge" and

---

[1] The parties dispute the applicable standard of review. We need not resolve the issue because, even applying de novo review, we hold there was no error.

2

"identity." *United States v. Hardrick*, 766 F.3d 1051, 1055 (9th Cir. 2014) (quoting Fed. R. Evid. 404(b)). That is what the district court did here.

Appellant's other acts of receiving and distributing child pornography were probative of his knowledge that the charged emails contained child pornography, and undercut his defense that someone else may have been responsible. *See id.* at 1055–56 (citing, *inter alia*, *United States v. Long*, 328 F.3d 655, 663–65 (D.C. Cir. 2003)). His other acts were also probative of identity, because they involved Appellant's use of the same "unique" email account to commit the same crime. *See United States v. Ruiz-Juarez*, 456 F.2d 1015, 1016 (9th Cir. 1972) (holding that defendant's use of the same car and license plate number to commit the same crime was admissible evidence of identity). Because we "must presume that [judges] follow their own instructions when they are acting as factfinders," we find no error. *See Harris v. Rivera*, 454 U.S. 339, 346 (1981) (per curiam).

There was also sufficient evidence from which a rational factfinder could conclude that it was Appellant, and not someone else, who distributed and received the charged emails. In a similar case, this court found sufficient evidence of receipt where the defendant had "dominion and control" over his computers, and where his other acts of downloading child pornography undermined his defense that a hacker was at fault. *See Hardrick*, 766 F.3d at 1057. Here, Appellant had dominion and control over the email account at issue because it belonged to him,

3

he did not willingly allow others to access it, and he admitted to generally receiving and saving child pornography there. *See id.* Likewise, Appellant's receipt and distribution of child pornography in other instances made it "unlikely" that someone else was to blame. *See id.* There was also no evidence that anyone else had access to the account in the nine months between its creation and the emails' transmission. A reasonable factfinder could disbelieve Appellant and conclude that he was responsible. *See United States v. Cordova Barajas,* 360 F.3d 1037, 1041–42 (9th Cir. 2004) (holding that the trier of fact may "disbelieve [the defendant] and infer the opposite of his testimony") (citing *United States v. Scholl,* 166 F.3d 964, 979 (9th Cir. 1999)).

There was also sufficient evidence that Appellant "knowingly receive[d]" the images charged in Count Three. *See* 18 U.S.C. § 2252A(a)(2). A rational factfinder could conclude that Appellant knowingly downloaded the charged images to "tangible material" in his possession on or around the date charged in the indictment, because he admitted that his general practice was to download child pornography from his email account and to forward those images to someone else. *See United States v. Romm*, 455 F.3d 990, 1000, 1002 (9th Cir. 2006) ("[D]ownloading child pornography constitutes both the act of possession and receipt.") (citing *United States v. Mohrbacher*, 182 F.3d 1041, 1048 (9th Cir. 1999)). There was also sufficient evidence that Appellant sought out the images

4

and "exercised dominion and control" over them. *See id.* at 999. A reasonable factfinder could conclude that the images were received as part of a *quid pro quo* exchange and were thus solicited. Appellant had the "ability to control," and "actually exercise[d]" control over the images because he could print, save, and email them from his inbox, and because he deleted the charged email and therefore likely opened it. *See id.* at 1000–01 (treating deletion as evidence of control). The evidence was sufficient to support Appellant's conviction for receipt. *See id.* at 1001–02.

Finally, there was sufficient evidence that Appellant "believed" he was communicating with a minor to support his conviction for attempted solicitation. *See United States v. Cherer*, 513 F.3d 1150, 1154 (9th Cir. 2008). Agents using the decoy account repeatedly told Appellant that the decoy was underage, Appellant expressly acknowledged that fact, and he expressed concern about the illegality of his actions. The evidence was sufficient. *See id.* at 1155 (holding that explicit references to decoy's age established defendant's state of mind beyond a reasonable doubt).

**AFFIRMED**.