**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10116 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00117-GEB-1 |
| v. | |
| JAMES JAY HITT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted February 9, 2022
San Francisco, California

Before:  WARDLAW, IKUTA, and BADE, Circuit Judges.

James Jay Hitt appeals his conviction and sentence for receipt and

distribution of child pornography.  *See* 18 U.S.C. § 2252A(a)(2).  We have

jurisdiction under 28 U.S.C. § 1291.  We affirm.

1.     The district court did not abuse its discretion by admitting evidence

under Federal Rule of Evidence 404(b) of Hitt's prior conviction for lewd and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

lascivious acts with a minor under 14. The Government satisfied the four-part test for admission under F.R.E. 404(b). *See United States v. Hardrick*, 766 F.3d 1051, 1055 (9th Cir. 2014). First, the evidence of Hitt's past conviction was probative of Hitt's identity as the user of the king.james123456 email account (king james account) through which he received and distributed child pornography. The king james account user had also sent emails explicitly referencing a prior conviction that was consistent with Hitt's criminal history. *See id.* (F.R.E. 404(b) evidence must be relevant to "a material element of the offense") (internal quotation marks omitted). Second, because the evidence was admitted to prove identity, rather than intent, the Government did not need to show that Hitt's prior conviction was "similar to the offense charged." *See id.* (internal quotation marks omitted). Hitt concedes the third element: that his prior conviction was "based on sufficient evidence." *See id.* (internal quotation marks omitted).

Fourth, the conviction was not too remote in time because of the Government's theory of admissibility. *See United States v. Spillone*, 879 F.2d 514, 519 (9th Cir. 1989) ("Depending upon the theory of admissibility[,] . . . some remote acts may be extremely probative and relevant."); *see also United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997). The Government sought admission to prove Hitt's identity as the king james account user, that user had sent emails about serving time for a past conviction for child sex abuse, and according to those

2

emails, the underlying conduct ceased over 20 years ago.  The prior conviction was therefore particularly probative and relevant, despite the remoteness of the conduct.

Nor did the district court abuse its discretion in finding the prior conviction admissible under F.R.E. 403.  *See Hardrick*, 766 F.3d at 1055.  The district court properly concluded that the probative value was high and not outweighed by unfair prejudice in light of the central role that identity played in the trial.  Moreover, the Government "sanitized" the evidence of the prior conviction to mitigate the risk of unfair prejudice.  *See United States v. Thornhill*, 940 F.3d 1114, 1122–23 (9th Cir. 2019).  It read a stipulation to the jury limited to the probative aspects of the conviction's timing, Hitt's resulting imprisonment, and that the offense involved sexual contact with a minor younger than 14 years old.

2.      The district court abused its discretion by admitting images and videos of child pornography without actually viewing them, which the Government does not dispute.  *United States v. Curtin*, 489 F.3d 935, 958 (9th Cir. 2007) (en banc).  We conclude, however, that this error was harmless.  *See United States v. Carpenter*, 923 F.3d 1172, 1182–83 (9th Cir. 2019).  The properly admitted evidence "was highly persuasive and overwhelmingly pointed to guilt."  *United States v. Bailey*, 696 F.3d 794, 804 (9th Cir. 2012).  The Government introduced evidence showing that the king james account user had frequently received and

distributed child pornography. This same user had selected the username "James Hitt," accessed an internet account associated with Hitt's home address and phone number, received emails from Hitt's wife, described a prior conviction consistent with Hitt's criminal history, listed Hitt's truck on Craigslist, and provided Hitt's home phone number as his own phone number. Moreover, the Government produced evidence that the same computer and storage devices containing child pornography also contained Hitt's resume, family photos, and credit reports. It also provided a forensic examination of Hitt's computer matching its search history to the timing and content of emails sent from the king james account.

3. The district court did not plainly error by increasing Hitt's offense level by five levels for engaging in "a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(5); *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018) (plain error review). Because Hitt confessed to sexually abusing a nine-year-old girl by fondling her around 12 times over the course of three years, the conduct underlying his 1993 conviction qualifies as a pattern of sexual abuse or exploitation as defined in the application notes to U.S.S.G. § 2G2.2(b)(5). U.S.S.G. § 2G2.2(b)(5), App. Note 1. Definitions (defining "sexual abuse or exploitation" as a state offense that would be criminalized under 18 U.S.C. § 2241 if committed within the United States's special maritime or territorial jurisdiction). By confessing to engaging in "two or

4

more separate instances" of this abusive conduct, Hitt confessed to a "pattern of activity involving the sexual abuse or exploitation of a minor." *Id.*[1](defining pattern of activity as two or more instances).

4.      The district court imposed a substantively reasonable sentence. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).  It considered the appropriate sentencing factors under 18 U.S.C. § 3553(a), weighing heavily the need for deterrence and protection of the public in light of Hitt's continued sexual interest in children. *Cf. United States v. Maier*, 646 F.3d 1148, 1156–57 (9th Cir. 2011) (upholding sentence as substantively unreasonable on similar factors). Moreover, the court considered at sentencing the circumstances that Hitt raises on appeal, including the abuse he previously suffered and his health diagnoses.  The court reasonably concluded, however, that these circumstances did not warrant leniency given the totality of the circumstances, including Hitt's multiple prior convictions for sex offenses.

**AFFIRMED.**

---

[1] Because this conduct qualified Hitt for the five-level increase under § 2G2.2(b)(5), we do not address whether Hitt's 2000 conviction for annoying or molesting a child would have also qualified him for the increase.