**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | No. 13-50195 |
| v. | D.C. No. 3:12-cr-03061-H-1 |
| LAWSON HARDRICK, JR., AKA Lawson Hardrick, *Defendant-Appellant*. | OPINION |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted
June 4, 2014—Pasadena, California

Filed September 4, 2014

Before: Stephen Reinhardt, John T. Noonan,
and Mary H. Murguia, Circuit Judges.

Opinion by Judge Murguia;
Concurrence by Judge Reinhardt;
Concurrence by Judge Noonan

## SUMMARY[*]

### Criminal Law

The panel affirmed a conviction on two counts of knowingly receiving visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2).

The panel held that the district court did not abuse its discretion in determining that the probative value of uncharged-video evidence admitted under Fed. R. Evid. 404(b) outweighed the danger of unfair prejudice. The panel rejected the defendant's argument that a limiting instruction at the close of the evidence was insufficient and that the district court should have given a contemporaneous limiting instruction *sua sponte*.

The panel held that the circumstantial evidence of the defendant's knowledge was sufficient to support the verdict, even though there was no direct evidence that he had downloaded or watched the files, where the government produced evidence that the defendant had dominion and control over the two computers on which the child pornography videos were found; and where the number, timing, and location of the videos were inconsistent with the defendant's defenses that he had accidentally downloaded the videos or that a hacker had downloaded them to his computer without his knowledge.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Judge Reinhardt concurred. He wrote that he does not profess to know the solution to the problem of how to cure the illness that causes otherwise law-abiding people to engage in the viewing of child pornography, but that lengthy sentences such as the ten-year sentence in this case for a first offense, cannot be the answer.

Judge Noonan concurred. He wrote to underline the need for further action to discourage a crime that is typically committed by persons with no criminal record and increasingly prosecuted as a serious federal offense. He asked why the government shouldn't advertise the law and its penalty.

## COUNSEL

Michael L. Crowley (argued) and Emily M. Crowley, Crowley Law Group, San Diego, California, for Defendant-Appellant.

Kyle W. Hoffman (argued), Assistant United States Attorney, Bruce R. Castetter, Chief, Appellate Section, Criminal Division, United States Attorneys' Office, San Diego, California, for Plaintiff-Appellee.

## OPINION

MURGUIA, Circuit Judge:

Lawson Hardrick, Jr. was found guilty after a jury trial of two counts of knowingly receiving visual depictions of minors engaged in sexually explicit conduct in violation of

18 U.S.C. § 2252(a)(2). On appeal, Hardrick challenges the admission at his trial of evidence that he possessed other child pornography videos for which he was not charged. Hardrick also challenges the sufficiency of the government's evidence that he knowingly received the two child pornography videos for which he was charged. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

In March 2010, the Department of Homeland Security identified two Internet Protocol (IP) addresses located at Hardrick's home that were making child pornography available for download. Agents seized the two computers associated with the IP addresses from Hardrick's home office. A forensic examination found several child pornography videos on each computer.

While the search warrant was being executed at Hardrick's home, Hardrick admitted to using the file-sharing program LimeWire to download pornography, but he denied having downloaded child pornography. Hardrick said that sometimes he downloaded files with innocuous names only to open the file and find pornography. Once, he downloaded a file titled "Play Ball," which turned out to be a video of high school kids, "all over 18, probably," having sex in the bleachers of a stadium. Hardrick admitted that he had also seen child pornography, a video titled "Father Does," or something similar, involving a four-year-old. Questioned whether there was any child pornography on his home-office computers at the moment, Hardrick responded, "There could be anything on anything. But no, I wouldn't swear to it." Hardrick was indicted on two counts of knowingly receiving a visual depiction of a minor engaged in sexually explicit

conduct in violation of 18 U.S.C. § 2252(a)(2) and two counts of knowingly possessing a visual depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B).[1] Hardrick went to trial on the two knowing receipt counts.

The district court denied Hardrick's motion *in limine* to exclude evidence of the other, uncharged child pornography videos found on his home-office computers from the government's case-in-chief. The district court agreed with the government that the evidence was admissible under Federal Rule of Evidence 404(b) because it tended to prove that Hardrick knowingly received the child pornography videos and disprove that he had mistakenly or accidentally downloaded the files. The district court concluded that the evidence would not be overly prejudicial under Federal Rule of Evidence 403 because the government agreed that it would only elicit "brief commentary by the case agent that [the charged videos] were not the only images" found on Hardrick's computers and would not show the uncharged videos to the jury.

Hardrick had a one-day jury trial. During the lunch recess before the government introduced the 404(b) evidence, the district court told Hardrick's counsel that "if during the trial there comes a point on 404(b) that you want a limiting instruction, please let me know and then I would give that."

---

[1] The file names of the videos that Hardrick was charged with knowingly receiving (the charged videos) were "pthc - little boy fucks 4yo girl licks moms pussy - R@ygold - PTHC - Pedo -Hussyfan - Babyshvid - Zadoom - Childfugga - Lolita - Kiddy - Child Porn - Illegal - Ddoggprn.jpg.mpg" and "9yo littlegirl displays her sweet yng cunt - PART2 - Pussy licking now (2min7sec) (orig duogill) - reelkiddymov lolita preteen young incest kiddie porno sex xxx ddoggprn.mpg."

The government admitted into evidence a document entitled "Questionable Videos," which listed the hard drive location and file name of the nine videos found on Hardrick's first computer. Each of the nine videos had a sexually explicit title clearly signaling that the video contained child pornography. Seven of these nine videos were uncharged videos. The government also admitted into evidence a document titled "Questionable Movies," which listed the six videos with explicit titles referring to minors found on Hardrick's second computer. Five of these videos were also on the Questionable Videos list, including one of the two charged videos.

The government elicited testimony from a case agent that all of the videos on the Questionable Videos list contained child pornography. The government played the two charged videos for the jury but did not play the uncharged videos. Hardrick's counsel did not ask the district court to give a contemporaneous limiting instruction during the presentation of the 404(b) evidence.

The forensic examiner who examined the two home-office computers testified that one of the child pornography videos found on both computers was saved in a different folder on each computer, which he had never seen a computer virus, Trojan horse, or e-mail pop-up do. Similarly, the forensic examiner testified that, had the video been downloaded by accident, it would not have been saved to different folders on two computers.

The forensic examiner further testified that the "thumbcache"[2] on one of Hardrick's computers showed that one of the videos from the Questionable Videos list had been opened and viewed. The government also admitted a list of the "most recently used" (MRU) files from one of the computers, which showed the most recently opened files on the computer. Hardrick's MRU files included many videos with titles suggesting that they contained child pornography.

At the close of the evidence, the district court gave a slightly modified version of Ninth Circuit Model Criminal Jury Instruction 4.3. The court instructed the jury:

> You have heard evidence that the Defendant committed other acts not charged here. You may consider this evidence - this is what I call a "limiting instruction." You may consider this evidence only for its bearing, if any, on the question of the Defendant's intent, knowledge, identity, absence of mistake, absence of accident and for no other purpose. You may not consider this evidence of guilt of the crime for which the Defendant is now on trial.

Hardrick had included the model instruction in his proposed jury instructions and did not object to the instruction as given. The jury found Hardrick guilty on both counts. The district court sentenced Hardrick to 120 months in prison, a below-Guidelines sentence. Hardrick timely appealed.

---

[2] The forensic examiner testified that Windows computers have a "thumbcache" folder that contains small "thumbnail files" of the images and videos that have been opened in Windows Explorer.

## II.

We review for abuse of discretion the district court's admission of prior acts evidence. *United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004). We also review for abuse of discretion the district court's balancing under Federal Rule of Evidence 403 of the probative value of the prior acts evidence against the danger of unfair prejudice to the defendant. *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (en banc).

Evidence of a defendant's prior conviction, wrong, or other act is inadmissible to prove the defendant's bad character or propensity to commit the charged offenses. *United States v. Vo*, 413 F.3d 1010, 1017 (9th Cir. 2005). However, evidence of a prior act is admissible for non-propensity purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Rule 404(b) evidence is admissible if it satisfies a four-part test. *United States v. Montgomery*, 150 F.3d 983, 1000 (9th Cir. 1998). The proponent of the 404(b) evidence must show that the evidence "(1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time." *Ramirez-Robles*, 386 F.3d at 1242. Rule 404(b) evidence offered to prove knowledge "need not be similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence." *United States v. Fuchs*, 218 F.3d 957, 965 (9th Cir. 2000) (internal quotation marks omitted). If the four-part test is satisfied, the evidence is admissible unless "its probative value is

substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; *United States v. Blitz*, 151 F.3d 1002, 1008 (9th Cir. 1998) (observing that when evidence "satisfies the four-part test, the district court should admit the evidence unless its prejudicial impact substantially outweighs its probative value" (internal quotation marks omitted)).

Hardrick argues on appeal (1) that the district court abused its discretion in its balancing of the probative value of the uncharged-video evidence against the danger of unfair prejudice to him, and (2) that the district court erred by giving an insufficient limiting instruction on the 404(b) evidence and by failing to give another limiting instruction *sua sponte* when the 404(b) evidence was admitted into evidence.

The district court's determination that the probative value of the 404(b) evidence outweighed the danger of unfair prejudice to Hardrick was not an abuse of discretion. The uncharged videos were probative of Hardrick's knowledge and relevant to his defenses either that he downloaded the videos accidentally while downloading legal pornography or other files on LimeWire, or that a hacker had downloaded the videos to his computer. *See, e.g.*, *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008) (affirming district court's admission of uncharged child pornography images for the purpose of proving the defendant's intent and knowledge); *United States v. Salcido*, 506 F.3d 729, 735 (9th Cir. 2007) (per curiam) (affirming district court's admission of defendant's sexually explicit instant messaging chats for the purpose of proving the defendant's knowledge); *United States v. Long*, 328 F.3d 655, 663–65 (D.C. Cir. 2003) (affirming district court's admission of uncharged child pornography photographs found in the defendant's home for the purpose of proving the defendant's possession and intent). In addition,

the district court limited the videos' prejudicial effect by permitting the case agent to provide only "brief commentary" on the location and file names of the other videos and not permitting the government to show the videos to the jury. *See, e.g.*, *United States v. Ganoe*, 538 F.3d 1117, 1124 (9th Cir. 2008) (affirming admission of child pornography videos where district court limited the government to playing only a few seconds of several video clips). The district court also gave a limiting instruction at the close of the evidence. *See Montgomery*, 150 F.3d at 1001 (observing that a limiting instruction weighs in favor of the admissibility of prior act evidence).

Hardrick's argument that this instruction was insufficient to limit the prejudice to him and that the district court should have given a contemporaneous limiting instruction *sua sponte* is unpersuasive. Hardrick requested—and the district court gave—Ninth Circuit Model Criminal Jury Instruction 4.3, which instructs the jury that it has heard evidence of the defendant's other acts and that it may consider that evidence only for limited purposes. Although Hardrick did not request it, the district court tailored the instruction to list the limited purposes for which the jury could consider the uncharged videos—intent, knowledge, identity, absence of mistake, and absence of accident—and Hardrick did not object. Hardrick has not demonstrated how the district court committed reversible error by giving the appropriate, legally correct model instruction that Hardrick proposed. *See United States v. Unruh*, 855 F.2d 1363, 1377 (9th Cir. 1987) (holding that district court's incomplete 404(b) limiting instruction did not warrant reversal because district court told defense counsel what limiting instruction it would give and defense counsel did not object or request a more specific instruction).

Hardrick did not ask the district court to give a limiting instruction during the presentation of the 404(b) evidence, and it is "well-settled that where no limiting instruction is requested concerning evidence of other criminal acts, the failure of the trial court to give such an instruction *sua sponte* is not reversible error." *United States v. Multi-Mgmt., Inc.*, 743 F.2d 1359, 1364 (9th Cir. 1984). The government's argument is well-taken that defense counsel may have had strategic reasons for not asking the district court to give a limiting instruction during the presentation of the 404(b) evidence—namely, defense counsel may not have wanted to draw attention to the evidence. *Cf. United States v. Restrepo*, 884 F.2d 1294, 1296–97 (9th Cir. 1989) (rejecting appellant's argument that the district court's *sua sponte* limiting instruction on 404(b) evidence "unduly emphasized the evidence of prior acts"). We do not fault the district court for not giving a limiting instruction *sua sponte* on the 404(b) evidence without a request from defense counsel.

Accordingly, we conclude that the district court properly exercised its discretion when it admitted the evidence of the uncharged child pornography videos found on Hardrick's computers.

## III.

We review de novo the sufficiency of the evidence underlying a conviction. *United States v. Schales*, 546 F.3d 965, 974 (9th Cir. 2008). We must affirm the conviction "unless, viewing the evidence in the light most favorable to sustaining the verdict, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Budziak*, 697 F.3d 1105, 1108 (9th Cir. 2012). We hold that the evidence at trial was sufficient

to prove that Hardrick knowingly received the two child pornography videos even though there was no direct evidence that he had downloaded or watched the files.

The circumstantial evidence of Hardrick's knowledge was sufficient to support the jury's verdict. *See United States v. Cordova Barajas*, 360 F.3d 1037, 1041 (9th Cir. 2004) (recognizing that "circumstantial evidence alone can be sufficient to demonstrate a defendant's guilt"). First, the government produced evidence that Hardrick had dominion and control over the two computers on which the child pornography videos were found. The computers were located in Hardrick's home office. Hardrick admitted that his son and daughter living in his home used their own computers, not the computers in Hardrick's office. The government produced evidence that the "Lawson L. Hardrick" Windows account was the account generally in use on both computers. And all of the e-mail addresses associated with that Windows account were Hardrick's.

Second, the number, timing, and location of the child pornography videos on the computers were inconsistent with Hardrick's defenses that he had accidentally downloaded the child pornography videos or that a hacker had downloaded child pornography videos to his computer without Hardrick's knowledge. The number of videos on the two computers suggested that the two charged videos had not been downloaded accidentally. There were nine videos on Hardrick's first computer with file names clearly indicating that the file contained child pornography. There were six videos on Hardrick's second computer with similar file names. The videos had been downloaded on different days and at different times, making it unlikely that their presence on his computers was the result of a hacker or computer virus.

And one of the child pornography videos was saved on both computers in different locations. The forensic examiner testified that he had never seen a computer virus, Trojan horse, or e-mail pop up save the same file in different places on two computers.

Viewing this circumstantial evidence in the light most favorable to the government's case, *Budziak*, 697 F.3d at 1108, we conclude that it was sufficient to sustain Hardrick's convictions.

## IV.

The district court did not abuse its discretion by admitting evidence of the uncharged child pornography videos, and the evidence at trial was sufficient to support Hardrick's convictions. Accordingly, we **AFFIRM** the district court.

---

REINHARDT, Circuit Judge, concurring:

Like Judge Noonan, I concur in the unanimous opinion of the court. Also, like Judge Noonan, I am disturbed about the practical impact of the child pornography laws upon otherwise law-abiding individuals. I do not agree, however, that advertising the legal consequences is a solution to the problem. Rather, it is my view that "psychological impairment" is in most, if not all, cases the cause of the criminal conduct. Whether psychiatric treatment rather than incarceration would be the proper response by state authorities is a matter that I would hope would be given more serious consideration than it has until now. Surely sentences of five to twenty years for a first offense of viewing child

pornography are not the solution.    *See* 18 U.S.C.
§ 2252(b)(1).  Nor are mandatory sentences of fifteen to forty
years for a second.  *See id.*

My concern is not with those who produce or distribute
child pornography for financial gain.   Such individuals
willfully do serious injury to the most vulnerable members of
our society and deserve whatever punishment the law
provides.  Certainly no one can have much sympathy with
those who prey upon young children in order to benefit
themselves.  Those individuals are ordinarily motivated by
wholly selfish interests that they are perfectly capable of
controlling.    In contrast, those who only view child
pornography, including those who exchange video computer
files, are in all likelihood the victims of a form of mental
illness that prevents them from controlling what they would
otherwise understand to be not only unhealthy impulses but
impulses that result in great harm to the most innocent
members of our society.

I do not profess to know the solution to the problem of
how to cure the illness that causes otherwise law-abiding
people to engage in the viewing of child pornography.  I
know only that lengthy sentences such as the one in this case,
ten years (and below the guidelines at that) for a first offense,
cannot be the answer.

There is nothing new in what I say here, but it is a
problem that I believe deserves more attention than we have
given it thus far.  Many lives of otherwise decent people have
been ruined by psychological problems they are not presently
capable of controlling.  Incarcerating them will not end the
horror of child pornography or the injury it inflicts on
innocent children.  All it accomplishes is to create another

class of people with ruined lives—victims of serious mental illness who society should instead attempt to treat in a constructive and humane manner.

---

NOONAN, Circuit Judge, concurring:

I concur in Judge Murguia's opinion.

I write to underline the need for further action to discourage a crime whose actual extent is unknown but whose commission is increasingly prosecuted as a serious federal offense. As pointed out in a thoughtful communication by Alexandra Gelber, Assistant Deputy Chief, Child Exploitation and Obscenity Section of the Criminal Division of the Department of Justice: Those convicted of the crimes of possessing, receiving, or distributing child pornography typically have no criminal record but "include professors, teachers, coaches, fathers, lawyers, doctors, foster parents, adoption agency owners, and more." *See* Alexandra Gelber, *Response to "A Reluctant Rebellion"* 7 (July 1, 2009), http://www.justice.gov/criminal/ceos/downloads/ReluctantRebellionResponse.pdf. Obviously, lack of criminal history is not a defense. It is equally obvious that this kind of defendant is normally law-abiding and, unless suffering from some psychological impairment – the probability Judge Reinhardt effectively develops – could be expected to obey the law in this area if aware of its provisions and especially if aware of its sanctions. Why should the government not advertise the law and its penalty? Better to stop a crime's commission than mop the consequences.