**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30153 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00224-RAJ-1 |
| v. | |
| JOSEPH R. KALAC, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted July 7, 2016[**]
Seattle, Washington

Before: KLEINFELD, McKEOWN, and M. SMITH, Circuit Judges.

Joseph Kalac appeals his conviction and sentence for possession of heroin,

methamphetamine and cocaine base with intent to distribute in violation of 21

U.S.C. §§ 841(a)(1) and 841(b)(1)(A), (B) and (C); possession of a firearm in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 924(c)(1)(A)(i); and being a felon in possession of a firearm and being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Kalac argues that the district court abused its discretion in admitting evidence of his prior conviction for possession of cocaine with intent to distribute under Federal Rule of Evidence 404(b) "to prove a material point, namely knowledge and intent," because his defense was that the drugs were not his and thus knowledge and intent were not at issue. Kalac's choice of defense did "not relieve the government of its burden of proof on any issue, including intent," and so did not preclude the government "from meeting this burden by an otherwise acceptable means such as Rule 404(b)." *United States v. Mayans*, 17 F.3d 1174, 1182 (9th Cir. 1994) (internal quotation marks and citations omitted). In prosecutions for possession with intent to distribute, "[w]e have consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent [and] knowledge." *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005) (internal quotation marks and citations omitted). Thus, the district court did not abuse its discretion in admitting Kalac's prior possession conviction. *See United States v. Hardrick*, 766 F.3d 1051, 1055 (9th

2

Cir. 2014) ("We review for abuse of discretion the district court's admission of prior acts evidence.")

Kalac also contends that, because the district court did not expressly mention Rule 403 in ruling Kalac's prior conviction admissible, we owe the district court's determination less deference. Kalac discussed Rule 403 in his in limine motion to exclude his prior convictions, and the district court gave a limiting instruction on the purpose of the prior conviction evidence to "address any concerns of unfair prejudice." Because "it is clear from the record that the court implicitly made the necessary [Rule 403] finding," we "will uphold admission of the evidence." *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1326 (9th Cir. 1992).

Because the district court "undertook a careful and considered balancing of the probative value of the [prior conviction] and the potential for unfair prejudice to the defendant" and "gave careful limiting instructions to the jury to minimize the prejudicial impact to the defendant . . . . we cannot say that the court abused its discretion in admitting evidence of [Kalac's prior conviction]." *United States v. Mehrmanesh*, 689 F.2d 822, 831 (9th Cir. 1982).

Even if the prior conviction should not have been admitted, any error was harmless. The jury heard evidence that Kalac sped off when a police officer asked him to stop and that Kalac crashed the car he was driving after a brief, high-speed

3

chase. A search of the car revealed a backpack stuffed behind the driver's seat containing a loaded gun and ammunition, drugs, drug paraphernalia, a drug ledger with Kalac's name on the inside cover, a scale, an ID in a different name bearing Kalac's photograph, plastic baggies with smiley face emblems and "4:20" on them, and two cell phones. Kalac's print was found on the drug ledger. Text messages recovered from one of the phones showed requests for drugs. Other evidence thus "amply supported a finding of guilty knowledge," and admission of the prior conviction did not taint the verdict. *See United States v. Hardy*, 289 F.3d 608, 613 (9th Cir. 2002).

**AFFIRMED.**

4