NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ABELARDO NIEBLA-TORRES,<br><br>Defendant-Appellant. | No.   15-10261<br><br>D.C. No.<br>4:14-cr-02037-RCC-DTF-1<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Argued and Submitted September 13, 2016
San Francisco, California

Before:  W. FLETCHER, CHRISTEN, and FRIEDLAND, Circuit Judges.

Mexican national Abelardo Niebla-Torres (Niebla) appeals his conviction

for conspiracy to possess with intent to distribute marijuana, in violation of 21

U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 846.  The district court found Niebla guilty

after a bench trial.  On appeal, Niebla argues that the district court erred by:

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(1) permitting the prosecution to authenticate items of physical evidence with hearsay testimony; and (2) admitting evidence of a prior smuggling arrest under Federal Rule of Evidence 404(b).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's rulings.[1]

1.  Niebla contends that the district court erred in two ways when it allowed the prosecution to authenticate Exhibits 14 (a photo of binoculars and two-way radios) and 55 (binoculars) with hearsay testimony.  First, he maintains that the admission of these exhibits violated Federal Rules of Evidence 801 and 802 because the government laid its foundation through Agent Colella's statement that Agent Gallegos told him where the items were recovered.  Under Federal Rule of Evidence 104(a), "the court is not bound by evidence rules, except those on privilege," when deciding "any preliminary question about whether . . . evidence is admissible."  *See also* Fed. R. Evid. 1101(d)(1); *Bourjaily v. United States*, 483 U.S. 171, 178 (1987).  Thus, the district court was not bound by Rules 801 and 802 when it decided whether there was a proper foundation for Exhibits 14 and 55.

Next, Niebla argues that Agent Colella's testimony violated his constitutional rights under the Confrontation Clause because he was denied the

_____

[1]     Niebla also argues, under the *corpus delicti* doctrine, that the government did not introduce sufficient evidence to corroborate his confession.  We address this claim in an opinion filed concurrently with this disposition.

opportunity to cross-examine Agent Gallegos about where he found the binoculars and two-way radios. Because Niebla did not raise a Confrontation Clause objection at trial, we review for plain error. *See United States v. Tran*, 568 F.3d 1156, 1163 (9th Cir. 2009). We conclude that even if the district court erred, the error did not affect Niebla's substantial rights because the government properly authenticated the evidence. *See id.*

A proponent may authenticate an item of physical evidence by asserting that it "is relevant because it was found at the scene of the crime," and proffering testimony from a witness with knowledge "that the [item] offered is the [item] which was found there." 2 MCCORMICK ON EVID. § 213 (7th ed. 2016). The binoculars were relevant because Agents Colella and Gallegos found them with Niebla on the mountain, and their presence made it more likely that Niebla was a scout. Agent Colella was a witness with knowledge: he was present when Agent Gallegos found the binoculars, he photographed them on the mountain, and he logged them into evidence. Agent Colella recognized Exhibit 55 as the binoculars he and Agent Gallegos retrieved. This testimony was "sufficient to support a finding that the item is what the proponent claims it is." *See* Fed. R. Evid. 901(a).

The government likewise did not need Agent Gallegos's statement about where he found the radios to properly authenticate a photograph of them. *See*

3

*United States v. Brooks*, 772 F.3d 1161, 1171 n.3 (9th Cir. 2014).  The government offered Exhibit 14 to illustrate Agent Colella's testimony about the items he found on the mountain.  A photograph offered for illustrative purposes "is authenticated if the witness testifies that the photograph is a correct and accurate representation of relevant facts personally observed by the witness."  2 MCCORMICK ON EVID. § 215 (7th ed. 2016).

Agent Colella testified that: (1) Exhibit 14 depicted the items he and Agent Gallegos found on the mountaintop on the day of the arrest; (2) he personally saw the radios and binoculars that day; and (3) the photograph was "a fair and accurate representation of the items."  The government presented expert-witness testimony to link the items in the photograph with its theory that Niebla was a scout for a drug-trafficking organization.  This testimony was sufficient to establish the relevance and authenticity of the Exhibit 14 photograph.

2.  Niebla also argues that the district court erred by admitting evidence that he was previously arrested for scouting under Federal Rule of Evidence 404(b). "Evidentiary rulings admitting evidence of other acts under Federal Rule of Evidence 404(b) are reviewed for an abuse of discretion, but whether the evidence of other acts is relevant to the crime charged is reviewed de novo." *United States v. Livingston*, 725 F.3d 1141, 1148 (9th Cir. 2013) (quoting *United States v.*

*Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999)).  "The proponent of the Rule 404(b) evidence must show that the evidence '(1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time.'"  *United States v. Hardrick*, 766 F.3d 1051, 1055 (9th Cir. 2014) (quoting *United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004)).

The district court admitted evidence of Niebla's prior arrest to prove knowledge, intent, and lack of mistake.  Knowledge and intent are elements of conspiracy to possess with intent to distribute marijuana.  *Tran*, 568 F.3d at 1164.  Niebla put these elements, along with lack of mistake, at issue by arguing that he was present on the mountain without knowing why he was there or what work he had been hired to do.  His prior arrest for a smuggling offense in the same corridor tends to prove that Niebla understood the purpose and role of a scout in a smuggling operation, which goes directly to his knowledge of an unlawful conspiracy and his intent to join.  *See United States v. Ramos-Atondo*, 732 F.3d 1113, 1123 (9th Cir. 2013).  There were also substantial similarities between the two arrests: the 2011 events took place close to the mountain where agents apprehended Niebla in 2014, and he possessed some of the same items.

There was sufficient evidence that the prior arrest occurred to support admission under Rule 404(b) because Agent Paco testified that he arrested Niebla for scouting activities in 2011, and described the circumstances surrounding the arrest. *See United States v. Basinger*, 60 F.3d 1400, 1408 (9th Cir. 1995) (explaining that "testimony by the searching and arresting officer is sufficient evidence that the prior act occurred"). The 2011 arrest, which happened three years before Niebla was arrested for the charged offense, was also not "too remote in time." *See id.*

Finally, the district court did not abuse its discretion by declining to exclude Niebla's 2011 arrest under Federal Rule of Evidence 403. The probative value of the arrest was high, and the danger of unfair prejudice, confusion, or delay was relatively low. As explained, Niebla put his knowledge and intent at issue by claiming that he was merely an innocent bystander unaware of any criminal activity. The district court held a bench trial, and judges are less likely than juries to decide an issue on a purely emotional basis, or to conclude, based on a defendant's prior bad acts, that he or she is guilty of the charged crime. *Cf. E.E.O.C. v. Famer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994) (noting "in a bench trial, the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial").

We find no error in the district court's reasoning and we **AFFIRM** the district court's evidentiary rulings.

Each party shall bear its own costs on appeal.

**AFFIRMED.**