**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10209 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00390-AWI-BAM-1 |
| v. | |
| JUAN MARTIN TORRES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted October 19, 2017[**]
San Francisco, California

Before: W. FLETCHER and TALLMAN, Circuit Judges, and HOYT,[***] District Judge.

Following his conviction for use of the internet in an effort to entice and

coerce a minor into illegal sexual activity, Juan Torres appeals his conviction and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm in part and reverse in part.

1. Torres challenges the admission of a short video depicting his prior sexual assault of a minor and the victim's corroborating testimony. We review a district court's admission of prior bad acts for abuse of discretion. *United States v. Hardrick*, 766 F.3d 1051, 1055 (9th Cir. 2014). We hold the admission was permissible and not unfairly prejudicial because it related to Torres' intent and modus operandi in targeting minors in his care and the district court provided multiple limiting instructions. *United States v. Cherer*, 513 F.3d 1150, 1157–59 (9th Cir. 2008).

2. Torres appeals discretionary supervision conditions imposed by the district court relating to alcohol, contact with minors, and residency requirements. We ordinarily review conditions of supervised release for abuse of discretion, but where as here, the defendant fails to object to the conditions, we review for plain error. *United States v. Wolf Child*, 699 F.3d 1089, 1090 (9th Cir. 2012). We affirm the district court's imposition of supervisory conditions relating to contact with minors and certain residency requirements because they relate to the court's goal in protecting the public from further crimes and contributing to Torres' rehabilitation. *See United States v. Daniels*, 541 F.3d 915, 928 (9th Cir. 2008); *United States v. Carter*, 159 F.3d 397, 400–01 (9th Cir. 1998). There is no plain

error in requiring those conditions because any possible error or prejudice caused by the district court's decision "did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Maciel-Vasquez*, 458 F.3d 994, 996 (9th Cir. 2006).

As to the alcohol restrictions involving outpatient treatment, testing, and abstinence from alcohol use or frequenting establishments that primarily sell alcoholic substances, we reverse and remand to the district court to strike Torres' alcohol-related conditions. Because there were no allegations of any inappropriate alcohol or drug use, that a drinking establishment played a role in the crime, or any indication of a prior history of substance abuse recited in the Pre-Sentence Report, we hold that the district court's imposition of alcohol-related supervisory conditions constituted plain error. *See United States v. Betts*, 511 F.3d 872, 877–81 (9th Cir. 2007); *United States v. Napier*, 463 F.3d 1040, 1044–45 (9th Cir. 2006).

The Judgment & Commitment Order should be amended to strike the alcohol-related supervisory conditions.

**AFFIRMED in part and REVERSED in part and REMANDED with instructions.**