**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-50344 |
| Plaintiff-Appellee, | D.C. No.<br>3:11-cr-03486-JAH-6 |
| v. | |
| FLORA ESPINO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted February 7, 2018
Pasadena, California

Before:  CALLAHAN and NGUYEN, Circuit Judges, and BATAILLON,** District
Judge.

Defendant Flora Espino (hereinafter referred to as "Espino") appeals her

conviction for lying to a grand jury in violation of 18 U.S.C. § 1623.  We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the rulings by the district court.[1]

**1.** Objections to evidentiary rulings are reviewed for abuse of discretion as are Fed. R. Evid. 404(b) objections. *See, e.g., United States v. Alvarez,* 358 F.3d 1194, 1205 (9th Cir. 2004); *United States v. Hardrick,* 766 F.3d 1051, 1055 (9th Cir. 2014). An abuse of discretion occurs only if the district court's ruling is "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson,* 585 F.3d 1247, 1251 (9th Cir. 2009). The district court did not err or abuse its discretion by allowing the government to introduce a copy of the 2007 refinance letter under Federal Rule of Evidence 403 (as substantial evidence of guilt) or under Federal Rule of Evidence 404(b) (as evidence of lack of mistake or accident). Similarly, the district court did not err in admitting, pursuant to Rule 404(b), the letters of Marina Carmelo and Jose Sanchez. Further, there was a sufficient foundation for admitting Sean Desmond's loan application into evidence.

**2.** The district court's decision to admit coconspirator statements is reviewed for abuse of discretion. *United States v. Gil,* 58 F.3d 1414, 1419 (9th Cir.

---

[1] The issue concerning the verdict form used in this case is addressed in a separate opinion filed concurrently with this memorandum disposition.

1995).  We review the conclusion that a challenged statement was made in the course of and in furtherance of a conspiracy for clear error.  *See United States v. Pena-Espinoza,* 47 F.3d 356, 360-61 (9th Cir. 1995).  Under this "significantly deferential" standard, courts can reverse only if there is a single permissible view of the evidence, and that view is contrary to the district court's findings.  *United States v. Bragg,* 582 F.3d 965, 972 (9th Cir. 2009).  Generally, we review de novo the district court's interpretation of the hearsay rule.  *United States v. Oretga,* 203 F.3d 675, 682 (9th Cir. 2000).  A decision to exclude evidence is generally reviewed under the abuse of discretion standard, including hearsay rulings.  *United States v. Stinson*, 647 F.3d 1196, 1210 (9th Cir. 2011).  Applying these standards, we conclude the district court did not err in allowing the admission of co-conspirator emails into evidence.  There existed sufficient evidence of a conspiracy, and the emails in question supported the existence of the same.

**3.**  The district court did not err in allowing Sean Desmond's Internal Revenue Service transcripts into evidence.  The transcripts are admissible as public records.  Fed. R. Evid. 803(8).  "[T]his circuit as well as other circuits have held that official IRS documents, even if generated by a computer, are admissible as public records."  *Hughes v. United States,* 953 F.2d 531, 540 (9th Cir. 1992); *see also United States v. Weiland,* 420 F.3d 1062, 1077 (9th Cir. 2005) ("[W]e

3

conclude that a routine certification by the custodian of a domestic public record, such as that provided by Greene, and a routine attestation to authority and signature, such as that provided by the Secretary of State in this case, are not testimonial in nature.").

**4.** The district court did not err in refusing to allow Espino's email into evidence. This is not an issue of completeness. *See United States v. Vallejos,* 742 F.3d 902, 905 (9th Cir. 2014) ("[I]t is often perfectly proper to admit segments of prior testimony without including everything, and adverse parties are not entitled to offer additional segments just because they are there and the proponent has not offered them.") (citation omitted)). In addition, the district court did not preclude admission of the document; it simply determined that Espino could not use a government witness to get this evidence before the jury.

**5.** We review de novo the district court's denial of Espino's Rule 29 motion for a judgment of acquittal. *United States v. Aubrey,* 800 F.3d 1115, 1124 (9th Cir. 2015); Fed. R. Crim. P. 29. We employ a two-step process. *United States v. Nevils,* 598 F.3d 1158, 1164 (9th Cir. 2010). First, the evidence is considered in the most favorable light to the prosecution. *Id.* Second, we must determine if the evidence "is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *Id.* (internal citation omitted).

"[A] jury's verdict is not to be disturbed lightly." *United States v. Begay,* 673 F.3d 1038, 1043 (9th Cir. 2011). Here, there is substantial documentary evidence—mostly uncontested—showing Espino's statements were false. There is sufficient evidence of guilt. The district court did not err in denying Espino's judgment for acquittal, as substantial evidence existed to support the verdict.

Espino's conviction is **AFFIRMED.**