**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30112 |
| Plaintiff-Appellee, | DC No. 1:18-cr-0059-BLW |
| v. | |
| JESUS JAVIER MALAGON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted October 29, 2020[**]
Portland, Oregon

Before:    TASHIMA, GRABER, and IKUTA, Circuit Judges.

Jesus Malagon was convicted following a jury trial on three counts:

unlawful possession of firearms, 18 U.S.C. § 922(g)(1); possession of marijuana

with intent to distribute, 21 U.S.C. § 841(a)(1); and possession of a firearm in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). Malagon

contends that the district court abused its discretion in admitting evidence of other

acts under Federal Rule of Evidence 404(b). We have jurisdiction pursuant to 28

U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in admitting evidence of

Malagon's arrest on marijuana charges eighteen months prior to his arrest for the

charges at trial. *See United States v. Hardrick*, 766 F.3d 1051, 1055 (9th Cir.

2014) (admission of evidence under Rule 404(b) is reviewed for an abuse of

discretion). The district court carefully considered the relevant factors in deciding

to admit the evidence of the 2016 incident: the evidence was relevant to prove

Malagon's intent or knowledge regarding the drugs and other paraphernalia

discovered in his car, was similar to the evidence discovered in the charged offense

and was based on sufficient evidence, and was not too remote in time from the

2018 charge. *See id.* ("The proponent of the 404(b) evidence must show that the

evidence '(1) proves a material element of the offense for which the defendant is

now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is

based on sufficient evidence, and (4) is not too remote in time.'" (quoting *United

States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004)).

The district court also carefully balanced the probative value of the evidence against the danger of unfair prejudice and gave the jury a limiting instruction. *See United States v. Cherer*, 513 F.3d 1150, 1159 (9th Cir. 2008) ("[T]he risk of unfair prejudice, which the court reduced by delivering a limiting instruction, did not substantially outweigh the probative value of the evidence."). In addition, the government reiterated the limited purpose of the 2016 evidence in its closing argument. *See United States v. Young*, 573 F.2d 1137, 1140 (9th Cir. 1978) (limiting instructions and government argument stressing limited purpose of evidence adequately minimized prejudice).

The judgment is **AFFIRMED.**