**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>LILI ZHANG TYDINGCO,<br><br>Defendant-Appellant. | No. 20-10210<br><br>D.C. No. 1:15-cr-00018-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted January 21, 2022
Honolulu, Hawaii

Before: O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

Following a jury trial, Lili Tydingco was convicted on one count of alien harboring, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). After we reversed her conviction because of instructional error, *United States v. Tydingco*, 909 F.3d 297 (9th Cir. 2018), Tydingco was retried and again convicted; she again appeals. We have jurisdiction under 28 U.S.C. § 1291, *see* 48 U.S.C. § 1824(b), and we reverse

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and remand.

1.    The district court did not err in instructing the jury. As Tydingco concedes, the instructions complied with the statement of law in our prior decision in *Tydingco*, 909 F.3d at 302–04.

2.    Sufficient evidence supports Tydingco's conviction. At the second trial, the government presented the same evidence that we previously found sufficient. *See Tydingco*, 909 F.3d at 301–02 & n.1.

3.    We review the district court's admission of evidence for an abuse of discretion. *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (en banc). For evidentiary errors, reversal is required "unless there is a 'fair assurance' of harmlessness or, stated otherwise, unless it is more probable than not that the error did not materially affect the verdict." *United States v. Bailey*, 696 F.3d 794, 803 (9th Cir. 2012) (quoting *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc)). "[I]n cases of 'equipoise,' we reverse." *United States v. Liera*, 585 F.3d 1237, 1244 (9th Cir. 2009) (quoting *United States v. Seschillie,* 310 F.3d 1208, 1215 (9th Cir. 2002)).

The district court abused its discretion in admitting Rebecca Castro's sham-marriage and witness-tampering testimony. Federal Rule of Evidence 404(b) prohibits the admission of otherwise relevant evidence of prior acts unless the evidence is used for a non-propensity purpose "such as proving . . . knowledge."

2

Fed. R. Evid. 404(b)(2). When Rule 404(b) evidence is offered to prove knowledge, the prior act must be sufficiently similar to the charged act as "to make the existence of the defendant's knowledge more probable than it would be without the evidence." *United States v. Rodriguez*, 880 F.3d 1151, 1167 (9th Cir. 2018) (quoting *United States v. Hardrick*, 766 F.3d 1051, 1055 (9th Cir. 2014)).

The government reasons that the prior act and the charged offense both involved Tydingco's "agreeing to help Chinese citizens circumvent U.S. immigration laws for her own financial benefit." That rationale is devoid of record support: There was no evidence that Tydingco received, or expected to receive, any financial benefit for her role in the sham-marriage proposal. Further, Castro's testimony does not tend to make it more probable that Tydingco knew that X.N., the alien she was charged with harboring, was in the United States illegally. The evidence may have demonstrated that Tydingco knew that marriage is one pathway to citizenship, but that knowledge has no logical connection to whether she knew that X.N., a minor student, was not authorized to remain in the United States.

The district court also abused its discretion in admitting Castro's testimony that Tydingco encouraged her to leave the jurisdiction so that she would be unable to testify. The relevance of this testimony came from the fact that it suggested consciousness of guilt. But that theory of relevance depends on the underlying sham-marriage testimony, which, as we have explained, should not have been

3

admitted.

The admission of Castro's testimony was not harmless. As we observed when we reversed Tydingco's conviction after her first trial, "substantial evidence emerged from which a reasonable jury could infer that [Tydingco]—despite knowing of facts from which a reasonable person would infer the risk of X.N.'s presence being unlawful—did not *actually* draw that inference *herself*." 909 F.3d at 305. Tydingco's defense theory was plausible, and Castro's inadmissible propensity testimony directly undermined that defense.

The limiting instructions did not cure the error. The court told the jury that it could give Castro's testimony "such weight as [the jury] fe[lt] it deserve[d]" for the purpose of proving Tydingco's knowledge and consciousness of guilt. But because the testimony was not relevant to those issues, the jury should not have been able to give it *any* weight. By telling the jury that it could consider the evidence—which was relevant only for its forbidden propensity inference—the court wrongly invited the jury to rely on prejudicial evidence that it should not have heard in the first place. *See United States v. Santini*, 656 F.3d 1075, 1079 (9th Cir. 2011) (per curiam). Because the limiting instructions were ineffective, and the evidence went to the heart of Tydingco's defense, the government has not established that "it is more probable than not that the error did not materially affect the verdict." *Bailey*, 696 F.3d at 803 (quoting *Morales*, 108 F.3d at 1040).

4

4.     The district court did not prejudicially err in admitting the testimony of Customs and Border Patrol Officer Ronald Muna. At trial, Officer Muna discussed translations of statements made in Chinese by Tydingco at her border interview that an interpreter had orally translated for her. Tydingco argues that these statements are inadmissible testimonial hearsay. But translated statements are admissible under the Federal Rules of Evidence and the Confrontation Clause if they "fairly should be considered the statements of the speaker." *United States v. Orm Hieng*, 679 F.3d 1131, 1139 (9th Cir. 2012) (quoting *United States v. Nazemian*, 948 F.2d 522, 527 (9th Cir. 1991)). In assessing such statements, the court "must consider all relevant factors." *Id.* The dispositive factor here is Tydingco's English fluency. Tydingco understands English, was present when the interpreter relayed her statements to Officer Muna, and never corrected the translation or expressed any confusion about it. Therefore, the translated statements may fairly be considered Tydingco's own statements for the purposes of hearsay analysis and the Confrontation Clause. *See* Fed. R. Evid. 801(d)(2)(B).

The government also elicited testimony from Officer Muna about the relevant parole program. Tydingco argues that this was improper expert testimony from a lay witness. We conclude that any error in permitting Officer Muna to testify about the parole program was harmless. The testimony was brief and was not referred to in closing argument. It was also irrelevant to the jury's

determination because Tydingco never argued that she had applied for or received an extension of X.N.'s parole.

**REVERSED and REMANDED.**