NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10061 |
| Plaintiff-Appellee, | D.C. No. 3:18-CR-00267-RS |
| v. | |
| RICHARD PARMER, JR., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued & Submitted March 28, 2023
San Francisco, California

Before: GOULD and IKUTA, Circuit Judges, and KORMAN,[**] District Judge.

Richard Parmer, Jr. appeals his conviction for possession of child pornography following a bench trial. Parmer challenges (1) the district court's denial of his motion to suppress evidence, and (2) the sufficiency of the evidence for his possession of child pornography conviction. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

We review a district court's denial of a motion to suppress *de novo* and any underlying factual findings for clear error. *United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017). We also review the sufficiency of the evidence underlying a conviction *de novo*. *United States v. Johnson*, 874 F.3d 1078, 1080 (9th Cir. 2017). We must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010). The same standard of review applies when reviewing a challenge to the sufficiency of the evidence following a bench trial. *United States v. Laney*, 881 F.3d 1100, 1106 (9th Cir. 2018).

1. The district court did not err in denying Parmer's motion to suppress evidence discovered during a search of his residence. Law enforcement officers must "confine their search to the residence of the suspect." *United States v. Kyles*, 40 F.3d 519, 524 (2d Cir. 1994); *Mena v. City of Simi Valley*, 226 F.3d 1031, 1038 (9th Cir. 2000). Where a warrant authorizes a search of a suspect's residence, and officers become aware that the place identified in the warrant is actually multiple residences, then the validity of the search depends on "whether the officers' failure to realize the overbreadth of the warrant was objectively understandable and reasonable." *Maryland v. Garrison*, 480 U.S. 79, 88 (1987).

2

The evidence at the suppression hearing established that following an investigation, the details of which are not relevant, San Francisco Police Department ("SFPD") Sergeant Alicia Castillo applied for and obtained a search warrant to search "[t]he residence of 1432 [] Unit D, San Francisco, CA 94130, which is described as a single family residence situated in a multi-unit building," and the person of "Melvin Crowder … [and] [a]ny resident present at the execution of the search warrant" for "[a]ll evidence of possession of and/or distribution of child pornography." The warrant specifically authorized "an on-scene preliminary forensic computer examination" of "any computer devices, electronic devices, or any other device capable of storing data."

On April 26, 2018, SFPD officers arrived at Unit D. Parmer was home when SFPD officers arrived, but Crowder was not. Upon entering Unit D, SFPD officers encountered a two-bedroom apartment with a living room, a common kitchen, a common laundry room, one bathroom, and two bedrooms. The living room contained a couch, chair, and television, and the kitchen had cooking instruments and dishes on the counter.

In denying Parmer's motion to suppress, the district court focused on Sergeant Castillo's knowledge when applying for the warrant in determining that it was reasonable for her to conclude that Unit D was a single residence within an apartment building. And as to the execution of the warrant, while the district court

3

found that there were "indicia of separateness found throughout Unit D" which should have alerted SFPD officers to the presence of separate residences, the district court noted that the key inquiry was whether "a reasonable officer [would] have called off the search of Parmer's bedroom *before* the illegal files were found on his laptop." Because Sergeant Castillo testified that child pornography was found on Parmer's devices prior to the start of the interview of Parmer, and because "a reasonable officer would have concluded these were truly separate residences only after hearing Parmer describe his living arrangement during his interview," the district court denied the motion to suppress.[1] Relying on *Maryland v. Garrison*, the district court emphasized that "room must be allowed for some mistakes" on the part of law enforcement officers executing warrants, and found that the SFPD "officers here behaved reasonably up through the discovery of the illegal files on Parmer's laptop." *See* 480 U.S. at 87 n.11 ("Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some [reasonable] mistakes on their part.") (citation omitted).

We agree with the district court that SFPD officers encountered some indicia of separateness upon entering Unit D. Other facts—such as the couch and

---

[1] The district court credited Castillo's testimony that the child pornography files were found on Parmer's devices before the interview began. Parmer does not challenge this factual finding.

4

television in the living room and the cooking utensils, cleaning supplies, and appliances in the kitchen—pointed to a typical shared two-bedroom apartment. Moreover, unlike *Mena*, SFPD had no pre-search knowledge that "a large number of persons lived in" Unit D when they arrived to conduct the search. 226 F.3d at 1038. The crucial evidence that would have put any reasonable officer on notice that Unit D potentially held two separate residences only came once SFPD interviewed Parmer, and by the time that interview had occurred, police officers had already discovered child pornography on Parmer's devices via a reasonable execution of a legal search warrant. The motion to suppress was thus properly denied.

2.      Sufficient evidence supported the district court's conviction of Parmer for possession of child pornography under 18 U.S.C. § 2252(a)(4)(B). The parties stipulated at trial that Parmer owned the two external hard drives where SFPD officers found child pornography, and that several of the files discovered depicted child pornography with children under the age of twelve. Parmer's hard drive contained over 2,500 files depicting child pornography, and the names of those files made the graphic content of the files obvious. The files were carefully organized into specific folders that exclusively held child pornography, and were not found in the "Downloads" folder where they would be if Parmer had unknowingly downloaded the files and never opened them. The "number, timing,

and location of the child pornography videos" on Parmer's hard drives "were inconsistent with [his] defenses that he accidentally downloaded the child pornography videos . . . to his computer without [his] knowledge." *United States v. Hardrick*, 766 F.3d 1051, 1057 (9th Cir. 2014).

**AFFIRMED.**