**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRETT MICHAEL MALONE,

Defendant - Appellant.

No. 23-396

D.C. No.
1:21-cr-00155-DCN-1

MEMORANDUM*

Appeal from the United States District Court
for the
David C. Nye, District Judge, Presiding

Argued and Submitted June 6, 2024
Portland, Oregon

Before: RAWLINSON, FORREST, and SUNG, Circuit Judges.

Brett Michael Malone was convicted of using interstate commerce to induce

a minor to engage in sexual activity and failing to register as a sex offender, 18

U.S.C. §§ 2422(b), 2260A, and he was sentenced to 412 months' incarceration.

Malone appeals numerous rulings made at his trial and sentencing. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1.** ***404(b) Evidence.*** Evidence of Malone's conduct with minors S.T. and C.B. was probative of his intent to coerce the minor victim in this case to engage in sexual activity. *United States v. Cherer*, 513 F.3d 1150, 1157–58 (9th Cir. 2008). Even if Malone conceded the intent element in his opening statement, there was no stipulation entered and the Government had the burden to prove this element beyond a reasonable doubt using "evidence of its own choice." *Old Chief v. United States*, 519 U.S. 172, 186–87 (1997). Likewise, evidence of Malone's conviction related to S.T. was admissible to show that his conduct with that minor was "based on sufficient evidence." *United States v. Hardrick*, 766 F.3d 1051, 1055 (9th Cir. 2014). The overall pattern of these earlier acts is strikingly similar to the charged offense, and they were not too remote in time to be probative. *See, e.g.*, *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997); *United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989). This evidence permissibly demonstrated Malone's sexual interests in a particular demographic—runaway teenage girls—and his intent in relation to the victim. Additionally, Malone's messages with B.H. were probative of his intent and knowledge regarding the victim's age.

Even if the district court erred in admitting evidence related to Malone's prior conduct with minors, "it is more probable than not that the error did not materially affect the verdict" because the jury had ample evidence to find Malone acted with the requisite intent from his interactions with the victim here and the undercover

officer who posed as the victim. *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002).

**2.** ***Victim's Conduct*.** Malone challenges the exclusion of evidence that the victim previously lied about her age to Neiswander, an adult male, and failed to correct her lie. The district court did not abuse its discretion because there was a factual dispute about whether the victim had actually lied to Neiswander—both parties agreed her age was never discussed, Neiswander said the victim misrepresented her age by being on an adults-only dating website, but the victim denied being on such a site. The district court could reasonably conclude there was insufficient evidence that the victim had a trait of failing to correct misrepresentations of her age.

Malone's challenge to the exclusion of evidence regarding measures the victim took to run away also fails. The Government's evidence showed that S.T., C.B., and the victim here had all run away. But Malone was not charged with enticing a minor to run away, so evidence of whatever measures she took do not rebut any relevant facts.

**3.** ***Victim's Records*.** Malone's argument that the district court erred in denying his motion to subpoena the victim's school and treatment records is based on pure speculation and inferences regarding what information Malone might find in those records, which cannot show an abuse of discretion. *United States v. Reed*,

726 F.2d 570, 577 (9th Cir. 1984).

**4.    *Polygraph.*** The district court reasonably concluded the probative value of Malone's offer to take a polygraph was outweighed by the danger that the jury would give undue weight to any evidence related to a polygraph. *See United States v. Ramirez-Robles*, 386 F.3d 1234, 1246–47 (9th Cir. 2004).

**5.    *Jury Instruction.*** The district court did not err in refusing to give Malone's requested specific-act-unanimity instruction. A jury must "unanimously find[] that the Government has proved each element" of the charged crime, but it need not be unanimous on "which of several possible sets of underlying brute facts make up a particular element." *Richardson v. United States,* 526 U.S. 813, 817 (1999). "[D]ifferent jurors may be persuaded by different pieces of evidence. . . ." *Schad v. Arizona*, 501 U.S. 624, 631–32 (1991), *abrogated on other grounds by Ramos v. Louisiana*, 590 U.S. 83 (2020). Here, the jury did not need to agree about which evidence showed that Malone knew the victim's age.

**6.    *Mistrial.*** The district court did not err in denying Malone a mistrial. The jury knew Malone had been convicted of third-degree rape and received sex-offender treatment. A single comment indicating Malone was a *registered* sex offender immediately followed by a curative instruction was, therefore, minimally

prejudicial. *Zafiro v. United States*, 506 U.S. 534, 540–41 (1993).[1]

**7.** ***Sentencing Issues.*** The district court did not err in concluding Malone failed to rebut the presumption that the two-level enhancement for "unduly influenc[ing] a minor to engage in prohibited sexual conduct" applies given the parties' age difference. U.S.S.G. 2G1.3(b)(2)(B). The record shows that although the victim initially had some mutual interest in Malone, his interest became obsessive and one-sided. When she tried to distance herself, Malone became more insistent, offered her money for sex, bought her multiple phones for communication when hers were taken away by her parents, and sent her sexual images.

The district court did not err in applying the use-of-a-computer enhancement. There was extensive evidence that Malone communicated with the victim through Facebook Messenger. U.S.S.G. § 2G1.3(b)(3).

Finally, Malone argues the length of his sentence is substantively unreasonable. While he provides a plausible analysis of the § 3553(a) factors, he fails to show that the district court's reasoning constitutes an abuse of discretion. *United States v. Wilson*, 8 F.4th 970, 977–78 (9th Cir. 2021) (per curiam).

---

[1]Because we do not find any error in the district court's trial rulings, we necessarily reject Malone's cumulative-error argument. *United States v. Anekwu*, 695 F.3d 967, 971 (9th Cir. 2012).

**AFFIRMED.**[2]

---

[2]Malone's motion to file further excerpts of the record under seal (Dkt. 40) is denied.